# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>PERSONNEL STAFFING GROUP, LLC d/b/a MOST VALUABLE PERSONNEL and MVP WORKFORCE, LLC | Case No. 1:20-cv-3683 |

## CONSENT DECREE

1. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed Case No. 1:20-cv-3683, alleging that, since at least January, 2014 to the present, at their facilities in Illinois, Defendants Personnel Staffing Group, LLC d/b/a Most Valuable Personnel ("PSG") and MVP Workforce, LLC ("Workforce") (collectively, "Defendants") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by:

   A. Failing or refusing to refer a class of female employees/applicants, including Charging Parties Qiana Matthews and Keeona Person and class members Jasmine Cox and Michelle Gongora, for certain job assignments, either on their own initiative or in compliance with discriminatory client requests, because of their sex;

   B. Subjecting a class of female employees/applicants to different terms and conditions of employment because of their sex, including but not limited to, fewer hours of work;

   C. Failing or refusing to refer a class of employees/applicants, including Charging Party Norman Green, for certain job assignments, either on their own initiative or

       in compliance with discriminatory client requests, because of their race (Black); and

    D.  Subjecting a class of employees to different terms and conditions of employment because of their race (Black), including but not limited to, fewer hours of work.

2.    This Consent Decree shall not be construed as an admission by any party of the claims or defenses of any other party.

3.    In the interest of resolving these matters, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that these actions should be finally resolved by entry of this Consent Decree (hereafter "Decree").

## FINDINGS

4.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    A.  This Court has jurisdiction of the subject matter of these actions and of the parties.

    B.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendants, the Charging Parties, the claimants, and the public interest are adequately protected by this Decree.

    C.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Parties, the claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION

5.    Defendants, their officers, shareholders, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from failing or refusing to refer for employment, or otherwise to discriminate against, any individual because of sex or race, or from

classifying or referring for employment any individual on the basis of sex or race, in violation of Title VII.

6. Defendants, their officers, shareholders, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

7. Defendant PSG shall pay the gross sum of $145,000, pursuant to the terms of the Settlement Agreement entered into in *Cox, et al. v. Personnel Staffing Group, LLC*, Case No. 16 C 11282 (N.D. Ill.). Qiana Matthews will provide an executed release in the form attached as Exhibit A to the Decree.

8. Defendant PSG shall pay the gross sum of $337,500, pursuant to the terms of the Settlement Agreement entered into in *Hunt, et al. v. Personnel Staffing Group, LLC*, *dba MVP, et al.*, Case No. 16 C 11086 (N.D. Ill.) Prior to receiving payment under the Settlement Agreement and this Decree, charging party Norman Green shall provide PSG with an executed release as part of the *Hunt* Settlement Agreement.

9. Defendant Workforce shall pay the gross sum of $86,000, pursuant to the terms of the Settlement Agreement entered into in *Smith, et al. v. MVP Workforce, LLC, et al.*, Case No. 18 C 03718 (N.D. Ill.)

## PERSONNEL STAFFING GROUP, LLC

10. PSG hereby certifies in writing to the Court and to the EEOC that: a) it does not have any contracts with customers which result in PSG assigning temporary employees in

Illinois; and b) it does not operate offices in Illinois through which temporary employees are assigned to customers in Illinois.

11. PSG shall provide the EEOC with semi-annual written certifications throughout the duration of the Decree demonstrating that PSG has not entered into any contracts with customers that result in PSG assigning temporary employees in Illinois nor does it operate any offices in Illinois through which laborers are assigned to customers in Illinois. The first such certification shall be due 6 (six) months after entry of the Decree.

12. If, during the term of this Decree, PSG enters into any contracts with customers in Illinois that result in PSG's assignment of temporary employees to that customer, or operates any offices that assign temporary employees to customers in Illinois, PSG shall immediately report that to the EEOC and be bound by the provisions of this Decree contained in paragraphs 13 - 31, below, without further act or deed by any person and without further notice to or order from the Court.

## POSTING OF NOTICE

13. Within five (5) business days following entry of the Decree, Defendant Workforce shall post at each of its locations in Illinois a copy of the Notice (attached as Exhibit B to this Decree) on any and all bulletin board(s) usually used by Workforce for communicating with its employees and applicants. The Notice shall remain posted for two and one half (2 ½) years from the date of entry of this Decree. Workforce shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Workforce shall certify to EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. During the duration of this Decree, Defendant shall permit a

representative of EEOC to enter Defendant Workforce's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## MAILING TO CLIENTS

14. Within 21 business days following entry of the Decree, Workforce shall send a notice ("Client Notice") to all of its current clients that it is an equal opportunity employer and will not discriminate on the basis of sex, race, age, national origin, religion, or disability when selecting employees for job assignments. Workforce shall obtain the EEOC's approval of the language of the Client Notice before it is sent out. During the term of this Decree, within five (5) business days of Workforce obtaining a new client, it shall send the Client Notice to the new client.

## RECORD KEEPING

15. For the duration of the Decree, Defendant Workforce shall maintain and make available for inspection and copying by the EEOC the following records for all new applicants to Defendant Workforce following the entry of this Decree:

   A. All sign-in sheets and applications of individuals seeking employment/referral, or other records that are used or created in lieu of sign-in sheets.

   B. All notes of interviews with an applicant and notes of other contact with an applicant;

   C. All applicant self-identification forms;

   D. Pursuant to Workforce's obligations under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/12(4), all requests made by clients for specific qualifications or attributes of a day or temporary laborer;

   E. Pursuant to Workforce's obligations under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/12(1), (2) & (9), for each day or temporary laborer:

      1. the name and address;

      2. race and gender, as provided by the day or temporary laborer;

3. the name, address, and telephone number of the client and specific location sent to work;

4. the type of work performed;

5. the number of hours worked;

6. the hourly rate of pay; and

7. the date sent.

F. Any Workforce database, or other documents, containing all information maintained for each applicant;

G. Documents related to each complaint of sex and/or race discrimination made by an applicant for employment, if any. Such documents shall include the date the complaint was made, the name of the complainant, the allegations of the complaint, and what actions Workforce took, if any, to resolve the matter; and

H. Workforce shall make all documents or records referred to in this Paragraph available for inspection and copying, including providing a copy of any Workforce database containing information regarding applicants, within fifteen (15) business days after the EEOC so requests. Workforce shall require personnel within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and to be interviewed for the purpose of determining compliance with this Decree.

## REPORTING

16. Within six months of entry of this Decree, and at six-month intervals thereafter for the duration of the Decree, Workforce shall provide Reports to the EEOC. Workforce's Reports shall include information regarding the following:

A. A certification in writing that it is not complying and will not comply with discriminatory employee assignment requests from clients;

B. Any Workforce database, or other documents, containing all information maintained for each applicant, including, but not limited to, the information maintained pursuant to Paragraphs 15D, E & F; and

C. All complaints or reports, oral or written, of sex or race discrimination or retaliation.

## MONITORING

17. There will not be an outside monitor initially assigned to oversee compliance with this consent decree. However, in the event the EEOC determines that review of Workforce's compliance with the terms herein necessitate an outside monitor, EEOC can request the appointment of an outside monitor to undertake actions the EEOC deems appropriate. In the event the EEOC seeks to appoint an outside monitor, the parties shall meet and confer and attempt to resolve any dispute regarding the issue. In the event the parties are not able to resolve their dispute, the EEOC and Workforce will submit themselves to the jurisdiction of this Honorable Court for the purpose of resolving any and all issues pertaining to the appointment of an outside monitor. The Court will have authority to appoint an outside monitor recommended by the EEOC, paid for by Workforce.

## ADOPTION OF NEW POLICIES AND PROCEDURES

18. Within twenty-one (21) calendar days of the date of the entry of this Decree, Workforce shall use, adopt, and/or implement policies and procedures designed to carry out the terms and conditions of this Decree, including the following:

> A. Workforce shall provide clear instructions to temporary and internal employees as to how to make a complaint of discrimination, including identifying the person(s) to whom employees can make such complaints;
>
> B. Workforce shall adopt a temporary employee search process for identifying qualified individuals for open assignments with the following minimum standards:
>
>> 1. For assignments that require no specific skill set or experience, Workforce will offer the assignment to its temporary employees regardless of gender and race; and
>> 2. If a client specifically requests a specific skill set or prior experience, Workforce will document the request from the client and then conduct a gender- and race-neutral search for temporary employees with the skills or experience specifically requested by the client.

19. Within ten calendar days of the adoption of the above policy, Workforce shall provide a copy of the policy to the EEOC. Workforce must consider any suggestions made by EEOC with respect to its policy. However, the inclusion of this paragraph in the decree does not represent the EEOC's or the Court's approval of Defendant's policies. Ten days after receipt of any comments from EEOC, Workforce shall deliver a hard copy of the policy to all of its employees. Thereafter, Workforce shall make the policy available to new hires within five (5) days of the date of hire.

## TRAINING

20. Workforce shall provide semi-annual training on the requirements of Title VII to all employees in any way involved in the hiring and/or assignment process, including, but not limited to, employees responsible for providing applications to potential applicants, employees who have input into and/or decide which applicants to interview, employees who interview applicants, employees who have input in the hiring/assignment process, and employees who make hiring/assignment decisions. Such training shall be conducted by an outside trainer paid for by Workforce and approved by EEOC. The first semi-annual training shall take place within ninety (90) days of the entry of this Decree, with subsequent trainings taking place at six (6) month intervals thereafter.

21. Workforce shall obtain approval from the EEOC of its proposed trainer prior to each training session. Workforce shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least (30) calendar days prior to the proposed commencement date(s) of the training(s). The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the EEOC does not approve Workforce's designated trainer, Workforce

shall have ten (10) business days to identify an alternate trainer. The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 25.

22. Workforce shall certify to the EEOC, in writing, within five (5) business days after each training session has occurred that the training has taken place and that the required personnel have attended. Such certification shall include the date, location, and duration of the training, and a copy of the registry of attendance, which shall include the name and position of each person in attendance. Workforce shall also provide EEOC with a list of the names of all current employees who are in any way involved in the hiring and/or assignment process.

23. Within five (5) business days after each training session has occurred, Workforce shall provide to the EEOC copies of any and all pamphlets, brochures, outlines, or other written materials provided to the participants of the training session.

24. Any new hire for Workforce who will be responsible for providing applications to potential applicants, has input into and/or decides which applicants to interview, interviews applicants, has input in the hiring/assignment process, or makes hiring/assignment decisions shall be provided a copy of all pamphlets, brochures, outlines, or other written materials provided to the participants of the training session within five (5) business days of his/her start date.

## DISPUTE RESOLUTION

25. In the event that either party believes that any other party has failed to comply with any provision of this Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days

to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

26. In resolving any dispute with regard to a party's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for non-compliance.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

27. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two and one-half (2 ½) years immediately following entry of this Decree.  If, however, at the end of the two and one-half-year period, any disputes remain unresolved, the term of this Decree shall be automatically extended for the sole purpose of resolution of the issues raised in such disputes (and the Court will retain jurisdiction of this matter to enforce this Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

28. Each party to this Decree shall bear its own attorney fees, expenses, and costs.

29. If any provision of this Decree is found to be unlawful, only such provision(s)shall be severed and the remainder of this Decree shall remain in full force and effect.

30. This Consent Decree and the terms thereof apply only to the assignment of laborers in Illinois.  The injunctive relief, record keeping, training, adoption of new policies and

procedures requirement, reporting requirements, and all other terms and conditions set forth in this Consent Decree are only applicable to the assignment of laborers in Illinois.

31. When this Decree requires submission by Defendants of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: PSG/MVP Workforce Settlement, 230 S. Dearborn St., Suite 2920, Chicago, IL, 60604. When this Decree requires submission by the EEOC to Workforce, they shall be mailed to Laurence Gould, MVP Workforce, LLC, 1751 Lake Cook Road, Suite 600, Deerfield, Illinois 60015 with a copy to Elliot Richardson and Carter Korey, Korey Richardson LLP, 20 S. Clark Street, Suite 500, Chicago, Illinois 60603. The parties can agree to provide submissions via email.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Gregory Gochanour
Gregory Gochanour
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9685
E-Mail: gregory.gochanour@eeoc.gov

/s/ Ann M. Henry
Ann M. Henry

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago, Illinois 60604
Telephone: (312) 872-9659
E-Mail: ann.henry@eeoc.gov

For Defendants:


/s/ Elliot Richardson
Elliot Richardson
One of Defendants' Attorneys
Korey Richardson LLP
Two First National Plaza
20 South Clark Street, Suite 500
Chicago, IL 60603
Telephone: 312-372-7045 ext. 458
Email: erichardson@koreyrichardsonlaw.com



ENTER:  6/29/20

_____

John Z. Lee
United States District Judge

# EXHIBIT A

**RELEASE**

In consideration for the payments to be paid to me by Defendants Personnel Staffing Group, LLC d/b/a Most Valuable Personnel and/or MVP Workforce, LLC, in connection with the resolution of *EEOC v. Personnel Staffing Group, LLC d/b/a Most Valuable Personnel and MVP Workforce, LLC*, Case No. 1:20-cv-3683 (N.D. Ill.), I waive my right to recover for any claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had against Defendants Personnel Staffing Group, LLC d/b/a Most Valuable Personnel and MVP Workforce, LLC, prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Personnel Staffing Group, LLC d/b/a Most Valuable Personnel and MVP Workforce*, *LLC*, Case No. 1:20-cv-3683 (N.D. Ill.)

_____     Dated:_____
Qiana Matthews

# EXHIBIT B

# NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Personnel Staffing Group, LLC and MVP Workforce, LLC,* No. 1:20-cv-3683 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Personnel Staffing Group, LLC d/b/a Most Valuable Personnel and MVP Workforce, LLC ("Defendants").

In its litigation, EEOC alleged that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII) by discriminating against classes of individuals on the bases of sex and race.

To resolve the case, Defendants and EEOC have entered into a Consent Decree which provides, among other things, that:

1) Defendants will make a monetary payment to resolve the discrimination claims against them;

2) Defendants are enjoined from discriminating against any employee on the basis of sex or race;

3) Defendants will not retaliate against any employee who has made allegations of discrimination or participated in any way in a proceeding involving discrimination under Title VII;

4) Defendants will provide training on Title VII to all employees in any way involved in the hiring and/or assignment process; and

5) Defendants will change their policies and procedures to comply with Title VII.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age, or disability. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against, you may contact the EEOC at 800-669-4000 or visit EEOC online at https://publicportal.eeoc.gov/Portal/Login.aspx.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two and one-half (2 ½) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to EEOC, PSG/MVP Workforce Settlement, 230 South Dearborn Street, Suite 2920, Chicago, IL 60604.

_____                                            _____
Date                                                                                        The Honorable John Z. Lee
                                                                                                    United States District Court