**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES ZOLLICOFFER, NORMAN GREEN, JAMES LEWIS and KEVIN JAMES, on behalf of themselves and other similarly situated laborers, | |
| Plaintiffs, | Case No. 16 C 11086 |
| v. | Judge John J. Tharp, Jr. |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., MERCURY PLASTICS, INC., MPS CHICAGO, INC. d/b/a JET LITHO, THE PENRAY COMPANIES, INC. ADVERTISING RESOURCES, INC. d/b/a ARI PACKAGING, and LAWRENCE FOODS, INC., | Magistrate Judge Finnegan |
| Defendants. | |

**ORDER OF FINAL APPROVAL OF PARTIAL CLASS ACTION
SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS
PERSONNEL STAFFING GROUP, LLC, THE SEGERDAHL CORP.,
MERCURY PLASTICS, INC., THE PENRAY COMPANIES, INC.,
ADVERTISING RESOURCES, INC. AND LAWRENCE FOODS, INC.**

The Parties having appeared before the Court on August 4, 2020 for a Hearing on Final

Approval in the above-captioned matter; the Court having reviewed the Plaintiffs' Unopposed

Motion for Final Approval of the Partial Class Action Settlement Agreement ("Partial Settlement")

between Plaintiffs and Defendants Personnel Staffing Group, LLC d/b/a MVP ("MVP"), The

Segerdahl Corp. ("Segerdahl"), Mercury Plastics, Inc. ("Mercury"), The Penray Companies, Inc.

("Penray"), Advertising Resources, Inc. d/b/a ARI Packaging ("ARI") and Lawrence Foods, Inc.

("Lawrence Foods") (collectively, "Settling Defendants"), supporting Memorandum of Law and

other related materials submitted by the Parties; having heard the Parties' presentation at the

Hearing on Final Approval; having given an opportunity to hear from any Class Members objecting to the Settlement; and otherwise being fully informed in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. A class was preliminarily certified, for settlement purposes only, by an Order dated March 11, 2020 (Dkt. #188, ¶4) and defined as follows:

> All African Americans who sought work assignments through Personnel Staffing Group, LLC d/b/a MVP at its Cicero, Illinois Office at any time between December 6, 2012 and March 11, 2020, but who, on one or more occasions, were not assigned to work at The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., Lawrence Foods, Inc., or MPS Chicago, Inc. d/b/a Jet Litho by Personnel Staffing Group, LLC d/b/a MVP.

2. The claims being certified for settlement purposes are limited to any and all claims of race discrimination against any of the Settling Defendants arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Segerdahl, Mercury, Penray, ARI, Lawrence Foods, and MPS from December 6, 2012 through March 11, 2020, known or unknown, that the Named Plaintiffs and Class Members may have against any Released Party as that term is defined in the Partial Settlement Agreement attached hereto as Attachment 1 and incorporated into this Order by reference. Explicitly not certified as a class for settlement purposes are any claims of race discrimination arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to any other client companies of MVP (exclusive of the Settling Defendants, and, as to MVP only, MPS) or any conduct or omissions occurring after March 11, 2020.

3. The Court finds that this Partial Settlement Class satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action only. The Court finally certifies the Settlement Class for purposes of settlement of this class action only.

4.     The Notice of Class Action Settlement ("Class Notice") sent to assignees from the MVP Cicero, Illinois Office via First Class Mail, in conjunction with the publication in two community newspapers (online and print versions) serving the African American community in the area of that MVP Office, The Austin Voice and The Garfield-Lawndale Voice, social media outreach and posting on a settlement website (www.Hunt-MVP_Settlement.com) which provided access to a digital and printable copy of the notice and claim form adequately informed the Class Members of the terms of the Settlement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement Class and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement. The Class Notice also adequately informed the Class Members of the contact information for the Settlement Administrator and the telephone number of Class Counsel to inquire about additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

5.     The Court hereby approves the proposed Class Action Settlement Agreement between Plaintiffs on the one hand and the Settling Defendants MVP, Segerdahl, Mercury, Penray, ARI and Lawrence Foods on the other hand, attached hereto as Attachment 1 and incorporated into this Order, and finds that the Partial Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of the Plaintiffs' case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Partial Settlement; the Partial Settlement Amount of Five Hundred Eighty-Eight Thousand Two Hundred Sixty and 65/100 Dollars ($588,260.65) to resolve the claims of the Named Plaintiffs and the Settlement Class arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, less the expense of claims

administration, attorneys' fees and costs in the amount of set forth in paragraph 8 of this Order, and a $5,000 service award payment to each of the four Named Plaintiffs, is a fair, reasonable and adequate settlement of the Class claims; the Partial Settlement was reached as a result of arms-length negotiations between the Parties, and the support for the Partial Settlement expressed by Class Counsel, and Counsel for Defendants, who have significant experience representing parties in complex class actions, weighs in favor of approval of the Partial Settlement; only seven (7) of the putative Class Members opting out of the Partial Settlement and no putative Class Members filing an objection to the Partial Settlement; and the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, the probable course of future litigation, and that the stage of the proceedings thus warrants approval of the Settlement.

6.     As identified by the Plaintiffs' Unopposed Motion for Final Approval and supporting Memorandum of Law and the Declaration of the Settlement Administrator, attached thereto, the Court finds that there were seven (7) individuals who timely requested exclusion from the Settlement Class and no individuals who objected to the Partial Settlement.

7.     No later than (21) calendar days after the entry of this Order of Final Approval, or by August 25, 2020, each Settling Defendant shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of any payment due pursuant to Section VII, ¶¶1 and 2, of the Partial Settlement Agreement.

8.     In accordance with Section VIII(A) of the Partial Settlement Agreement, Class Counsel is awarded One Hundred and Sixty-Six, Eighty-Seven and 00/100 Dollars ($166,087.00) as an award of attorneys' fees and costs. Within seven (7) days of the "Effective Date" as defined in Section III(A)(13) of the Partial Settlement Agreement, the Claims Administrator shall deliver

4

to Christopher Williams of the Workers' Law Office, PC the payment for attorneys' fees and costs due to Class Counsel.

9.        In accordance with Section VIII(B) of the Class Action Settlement Agreement, Plaintiffs James Zollicoffer, Norman Green, James Lewis and Kevin James are each awarded Five Thousand Dollars and 00/100 ($5,000.00) as an award for their service to the Class. Within seven (7) days s of the "Effective Date" as defined in Section III(A)(13) of the Class Action Settlement Agreement, the Claims Administrator shall deliver to Class Counsel the Service Award payment due to each of the Named Plaintiffs.

10.        In accordance with VII(A)(3) of the Partial Settlement Agreement, within seven (7) days of the "Effective Date" as defined in Section III(A)(13) of the Class Action Settlement Agreement, the Claims Administrator shall mail a check to each Class Member who filed a timely, valid Claim Form within the terms set forth in the Partial Settlement Agreement in an amount representing the net Settlement payment per Class Member as described in the Parties' Stipulation of Settlement, attached hereto as Attachment 1.

11.        Any settlement check issued to a Class Members pursuant to paragraph 10, *supra*, that is not negotiated within 120 days after the issuance of such settlement check shall become void. Any funds remaining from settlement checks not timely negotiated shall be distributed by the Claims Administrator to the Chicago Bar Foundation, an IRS 501(c)(3) tax-exempt organization, within 45 days of the deadline to negotiate settlement checks as *cy pres*.

12.        As to the Class, this Court hereby dismisses only the claims released in the Section V(A) of the Partial Settlement Agreement and identified in paragraph 2, *supra*, with prejudice, and on the merits.

13.     As to the Named Plaintiff, this Court dismisses all claims raised in the lawsuit or that could have been raised in the lawsuit with prejudice, and on the merits, with the explicit exception of any claims of race discrimination against MPS only (and not MVP) arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to MPS, any claims of race discrimination arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Vee Pak, Inc. and/or Gold Standard Baking, Inc. raised in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) and the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.), respectively, to any of other client company of MVP (exclusive of Segerdahl, Mercury, Penray, ARI or Lawrence Foods) or any conduct or omissions occurring after March 11, 2020. All Parties are to bear their own fees and costs, except as otherwise provided in the Partial Settlement Agreement.

14.     By consent of the parties, and without affecting the finality of this Order, this Court hereby retains continuing jurisdiction over the implementation of this Class Action Settlement Agreement and any award from or distribution of the Qualified Settlement Fund ("QSF").

15.     The Court grants final approval of the Settlement and all of its terms as set forth within the Partial Class Action Settlement Agreement, attached hereto as Attachment 1 and incorporated into this Order of Final Approval.

IT IS SO ORDERED.

_____
John J. Tharp, Jr.
United States District Judge
Northern District of Illinois

Dated this 4th day of August, 2020