# ATTACHMENT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| ANTWOIN HUNT, JAMES ZOLLICOFFER, NORMAN GREEN, JAMES LEWIS and KEVIN JAMES, on behalf of themselves and other similarly situated laborers,<br><br>    Plaintiffs,<br><br>  v.<br><br>PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., MERCURY PLASTICS, INC., MPS CHICAGO, INC. d/b/a JET LITHO, THE PENRAY COMPANIES, INC. ADVERTISING RESOURCES, INC. d/b/a ARI PACKAGING, and LAWRENCE FOODS, INC.,<br><br>    Defendants. | Case No. 16 C 11086<br><br>Judge John J. Tharp, Jr.<br><br>Magistrate Judge Finnegan |

## PARTIAL CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE WITH DEFENDANTS PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., MERCURY PLASTICS, INC., THE PENRAY COMPANIES, INC., ADVERTISING RESOURCES, INC. AND LAWRENCE FOODS, INC. *ONLY*

This Partial Class Action Settlement Agreement and Release (the "Partial Settlement Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals they represent (as hereinafter defined) and Settling Defendants (as hereinafter defined) (collectively, the "Settling Parties" or "Parties").

## I.  INTRODUCTION

Subject to approval by the Court, this Partial Settlement Agreement sets forth the full and final terms by which the Named Plaintiffs, on behalf of themselves and a class of African Americans (specifically defined below in Section III.A.7.) and Defendants Personnel Staffing Group, LLC d/b/a MVP ("MVP"), The Segerdahl Corp. ("Segerdahl"), Mercury Plastics, Inc.

("Mercury"), The Penray Companies, Inc. ("Penray"), Advertising Resources, Inc. d/b/a ARI Packaging ("ARI") and Lawrence Foods, Inc. ("Lawrence Foods") (collectively, the "Settling Defendants"), have settled and resolved all race discrimination claims that were raised in the Action captioned *Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.* (Case No. 16 C 11086 (N.D. Ill. 2016)), in the United States District Court for the Northern District of Illinois, against the Settling Defendants. Explicitly not settled and resolved with this Partial Settlement Agreement are any race discrimination claims against Defendant MPS Chicago, Inc. d/b/a Jet Litho ("Jet") (the "Non-Settling Defendant").

## II.    NATURE AND RESOLUTION OF THE CASE

A.     On December 6, 2016, Plaintiffs, on behalf of themselves and all other similarly-situated individuals filed a Class Action Complaint in the United States District Court for the Northern District of Illinois ("Complaint"), alleging violations of 42 U.S.C. § 1981 ("Section 1981").

B.     The Settling Defendants deny all liability and wrongdoing associated with the claims alleged in the Complaint. Specifically, the Settling Defendants deny that they discriminated against the Plaintiffs or other African Americans on the basis of race in violation of Section 1981, or any other state or federal law.  The Settling Defendants further deny all other allegations of wrongdoing in the Complaint. The Settling Defendants also deny that litigation of this Action as a class action is appropriate, and reserve the right to argue that the Action should not be certified as a class action in the event this Partial Settlement Agreement is not approved.

C.     In an effort to determine whether the Parties could settle this dispute prior to a lengthy litigation, the Parties' counsel, who are experienced class action attorneys, participated in detailed settlement negotiations.

D.      After exchanging information among counsel about the claims and putative Class Members, Plaintiffs and Defendant Segerdahl engaged the services of Hunter Hughes, a well-respected mediator, who was familiar with the underlying allegations in this Action, as he previously served as a mediator in another case involving similar allegations and parties. On June 20, 2019, Plaintiffs and Defendant Segerdahl participated in a mediation that lasted much of the day and reached a settlement based on the settlement terms set forth in more detail in this Agreement. During the negotiations, counsel for the Plaintiffs and Segerdahl bargained vigorously on behalf of their respective clients. All negotiations were conducted at arm's length and in good faith.

E.      Following the partial settlement reached with Defendant Segerdahl in this matter, Plaintiffs' counsel continued to negotiate with the remaining Defendants in this lawsuit. Between June 20, 2019 and October 30, 2019, Plaintiffs and Defendants Mercury, Penray, ARI and Lawrence Foods also reached a settlement in this matter based on the settlement terms set forth in more detail in this Agreement. During the negotiations, counsel for the Plaintiffs and Defendants Mercury, Penray, ARI and Lawrence Foods each bargained vigorously on behalf of their respective clients. All of these negotiations were similarly conducted at arm's length and in good faith.

F.      Following the partial settlement with Defendants Mercury, Penray, ARI and Lawrence Foods, Plaintiffs and Defendant MVP continued to negotiate and, on Friday, December 6, 2019, also reached a settlement in this matter based on the settlement terms set forth in more detail in this Agreement. During the negotiations, counsel for the Plaintiffs and Defendant MVP each bargained vigorously on behalf of their respective clients. All of these negotiations were similarly conducted at arm's length and in good faith.

G.      The Named Plaintiffs and the Settling Defendants believe it is in their best interests and the best interests of the Settlement Class to resolve this matter at this time.

H.      The Settling Parties and their counsel recognize that, in the absence of an approved settlement, they would face a long litigation course, including discovery, motions for class certification, expert discovery, motions for summary judgment, trial, and potential appellate proceedings that would consume time and resources and present each party with ongoing litigation risks and uncertainties. The Settling Parties wish to avoid these risks and uncertainties, as well as the consumption of time and resources, and have decided that an amicable settlement pursuant to the terms and conditions of this Partial Settlement Agreement is more beneficial to them than continued litigation. Class Counsel believes that the terms of the Partial Settlement Agreement are in the best interests of the Settlement Class and are fair, reasonable, and adequate.

I.      The Settling Defendants specifically and generally deny all of the claims asserted in the Action, deny any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Action, and make no concession or admission of wrongdoing or liability of any kind whatsoever. This Partial Settlement Agreement does not, and is not intended to constitute, nor shall it be deemed to constitute, an admission by any party as to the merits, validity, or accuracy of any of the allegations, claims, or defenses of any party in this case. By entering into this Partial Settlement Agreement, the Settling Defendants do not admit or concede, expressly or impliedly, but instead deny that they have in any way violated Title VII, Section 1981, or any parallel or similar federal, state, and local laws prohibiting race discrimination or retaliation, the common law of any jurisdiction, or any other federal, state or local law, statute, ordinance, regulation, rule, or executive order, or any other obligation or duty at law or in equity. Neither the

Court nor any other court has made any findings or expressed any opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this Action.

J.     Nothing in this Partial Settlement Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications between the Settling Parties, nor any materials prepared, exchanged, issued or used during the course of the mediation or negotiations leading to this Partial Settlement Agreement, is intended by the Settling Parties to, nor shall any of the foregoing constitute, be introduced, be used or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative or other proceeding of whatsoever kind or nature, including as evidence of discrimination, retaliation, or harassment, or as evidence of any violation of Title VII, Section 1981, parallel federal, state and local laws prohibiting race discrimination or retaliation, the common law of any jurisdiction, or any other federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Partial Settlement Agreement may be used in the Court or in mediation to enforce or implement any provision of this Partial Settlement Agreement or implement any orders or judgments of the Court entered in connection herewith or as set forth in this Agreement.

## III.   GENERAL TERMS OF THE SETTLEMENT AGREEMENT

A.     <u>Definitions</u>. The defined terms set forth herein shall have the meanings ascribed to them below.

1.     "Action" means *Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.* (Case No. 16 C 11086 (N.D. Ill. 2016)).

2.     "Administrative Costs" means all costs incurred by the Claims Administrator in connection with the administration of the Settlement Agreement and the

Settlement Fund including, but not limited to, those related to sending Notice, claims processing, legal advice relating to the establishment of the Qualified Settlement Fund and tax treatment and tax reporting of awards to claimants, preparation of tax returns (and the taxes associated with such tax returns as defined below), the Claims Administrator's fees and expenses, and costs of the claims resolution process. The Claims Administration costs shall be paid from the Settlement Amount and the Settling Defendants will not have any responsibility for contributing additional funds to the Qualified Settlement Fund.

3.      "Award(s)" means the Monetary Awards as described in Sections III.A.17 and III.A.31. below.

4.      "Claimants" means the Class Members who have submitted a timely Claim Form to the Claims Administrator. The Named Plaintiffs shall be deemed to be Claimants without being required to submit a Claim Form.

5.      "Claim Form" means the form, attached as Exhibit A, that Claimants must submit to the Claims Administrator within the time period directed by the Court in order to receive a Monetary Award in the claims process described in Section VII.C. below.

6.      "Claims Administrator" means the third-party claims administration firm to be mutually agreed to by the Parties to fulfill the duties set forth herein, including to serve Notice and administer aspects of the claims process and Settlement Fund pursuant to Section VII below and related orders of the Court.

7.      "Class" means the class that Plaintiffs seek to have certified, solely for the purposes of this Settlement Agreement, which is defined as:

> All African Americans who sought work assignments through Personnel Staffing Group, LLC d/b/a MVP at its Cicero, Illinois Office at any time between December 6, 2012 and March 11, 2020, but who, on one or more occasions, were not assigned to work at The Segerdahl Corp., Mercury

6

DocuSign Envelope ID: 84A45E63-BB9B-4B68-B448-5B483A54B94D

Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., Lawrence Foods, Inc., or MPS Chicago, Inc. d/b/a Jet Litho by Personnel Staffing Group, LLC d/b/a MVP.

8.      "Class Claims Certified" means any and all claims of race discrimination against any of the Settling Defendants arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Segerdahl, Mercury, Penray, ARI, Lawrence Foods, and MPS from December 6, 2012 through March 11, 2020, known or unknown, that the Named Plaintiffs and Class Members may have against any Released Party as that term is defined herein. Explicitly not certified as a class for settlement purposes are any claims of race discrimination arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to any other client companies of MVP (exclusive of the Settling Defendants, and, as to MVP only, MPS) or any conduct or omissions occurring after March 11, 2020.

9.      "Class Counsel" means Christopher Williams and Sheila Maddali of the National Legal Advocacy Network and Joseph Sellers, Shaylyn Cochran and Harini Srinivasan of Cohen, Milstein, Sellers & Toll, P.L.L.C.

10.     "Class Member" means an individual who is a member of the Settlement Class.

11.     "Class Period" means the period running from December 6, 2012 through the Preliminary Approval Date.

12.     "Court" means the United States District Court for the Northern District of Illinois in the Eastern Division.

13.      "Effective Date" means the date on which all of the following have occurred: (1) the Court has finally approved and entered this Partial Settlement Agreement; (2) the Court has entered an Order and Judgment dismissing the Action without prejudice, with continuing

jurisdiction limited to enforcing this Partial Settlement Agreement; and (3) the time for appeal has either run without an appeal being filed or any appeal (including any requests for rehearing *en banc*, petitions for *certiorari* or appellate review) has been finally resolved.

14.     "Fairness Hearing" means the hearing at which the Court will consider final approval of this Partial Settlement Agreement and related matters.

15.     "Final Approval Date" means the date on which the Court grants final approval of this Partial Settlement Agreement.

16.     "Judgment" means the judgment to be rendered by the Court pursuant to this Partial Settlement Agreement.

17.     "Monetary Awards" means the individual monetary awards given to Claimants as described in Section VII below.

18.     "Net Settlement Amount" means the remainder of the Settlement Amount after deductions for claims administration costs, court-approved attorneys' fees and costs as described in Section VIII.A. and court-approved Service Awards as described in Section VIII.B.

19.     "Notice" means the "Notice of Class Action, Proposed Partial Settlement Agreement, and Fairness Hearing," in the form attached hereto as Exhibits B (Abridged Notice) and C (Unabridged Notice).

20.     "Notice Packet" means the Claim Form and the Abridged Notice of Class Action, Proposed Partial Settlement Agreement, and Fairness Hearing, which the Claims Administrator will mail directly to Class Members and potential Class Members in the forms attached hereto as Exhibits A and B.

21.     "Opt-Out Request" means a written request to the Claims Administrator signed by a Class Member requesting exclusion from the Settlement, which must: (i) be signed by

8

the Class Member; (ii) contain the name, address, telephone number of the Class Member requesting exclusion; (iii) clearly state that the Class Member is aware that by opting out he or she will forego the opportunity to receive monetary benefits from this Partial Settlement and that he or she does not wish to be included in the Partial Settlement; (iv) be returned by mail to the Claims Administrator at the specified address; and (v) be received by a date certain, to be specified on the Notice.

22.    "Opt-Outs" means any Class Member who timely submits an Opt-Out Request.

23.    "Order Granting Preliminary Approval" means the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Partial Settlement Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections, substantially in the form attached hereto as Exhibit D.

24.    "Partial Settlement" or the "Partial Agreement" means the terms and conditions set forth in this Partial Class Action Settlement Agreement of this matter.

25.    "Plaintiffs" or "Named Plaintiffs" mean James Zollicoffer, Norman Green, James Lewis and Kevin James.

26.    "Preliminary Approval Date" means the date that the Court enters the Order Granting Preliminary Approval of this Partial Settlement, or March 11, 2020.

27.    "Released Claims" means any and all claims of race discrimination against the Settling Defendants arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Segerdahl, Mercury, Penray, ARI or Lawrence Foods and against MVP arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Non-Settling Defendant MPS from December 6, 2012 through March 11,

2020, known or unknown, that the Named Plaintiffs and Settlement Class Members may have against any Released Party as that term is defined herein. Explicitly not released and excluded from this settlement are any claims of race discrimination against MPS only (and not MVP) arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to MPS, any claims of race discrimination arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Vee Pak, Inc. and/or Gold Standard Baking, Inc. raised in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) and the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.), respectively, or to any of other client company of MVP (exclusive of Segerdahl, Mercury, Penray, ARI or Lawrence Foods) or any conduct or omissions occurring after March 11, 2020. However, MVP reserves, and does not waive, any and all defenses that have been or may be asserted in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) or the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.) as relates to claims arising from non-assignments from MVP's Cicero Office, including any such defenses related to payments received by Plaintiffs and/or Class Members as a part of this Partial Settlement Agreement. MVP also reserves, and does not waive, any and all defenses that have been or may be asserted in any actions that have been, or may be, brought against MVP related to claims arising from the non-assignment of laborers from MVP, including any such defenses related to payments received by Plaintiffs and/or Class Members as part of this Partial Settlement Agreement.

28. The "Settling Defendants" mean MVP, The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc. and Lawrence Foods, Inc.

29.     The "Settling Defendants' Releasees" means Personnel Staffing Group, LLC, The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., and Lawrence Foods, Inc. and each of their current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and representative capacities (collectively referred to as the "Released Parties").

30.     The "Settling Defendants' Counsel" means the law firm of Korey Richardson, LLP and MVP's in-house counsel for Defendant MVP, Jackson Lewis P.C. and Segerdahl's in-house counsel for Defendant Segerdahl, the law firm of Holland & Knight, LLP, the law firm of Seyfarth Shaw, LLP and Penray's in-house counsel for Defendant Penray, the law firm of Seyfarth Shaw, LLP and ARI's in-house counsel for Defendant ARI and the law firm of Vedder Price, PC and Lawrence Food's in-house counsel for Defendant Lawrence Food.

31.     "Service Award" means an amount approved by the Court to be paid to the Named Plaintiffs as set forth in Section VIII.B. in addition to his Monetary Award as a Claimant, in recognition of their efforts in coming forward as the Plaintiffs and otherwise benefitting the Class.

32.     "Settlement Amount" means the amount of Five Hundred Eighty-Eight Thousand Two Hundred Sixty and 65/100 Dollars ($588,260.65), of which Defendant MVP will solely be responsible for paying Three Hundred Thirty-Seven Thousand Five Hundred and 00/100 Dollars ($337,500.00), Defendant Segerdahl will solely be responsible for paying Seventy-Three

Thousand Nine Hundred Seventy-Two and 25/100 Dollars ($73,972.25), Defendant Mercury will solely be responsible for paying Seventy-Four Thousand and 00/100 Dollars ($74,000.00), Defendant Penray will solely be responsible for paying Nineteen Thousand Six Hundred Sixty-Six and 90/100 Dollars ($19,666.90), Defendant ARI will solely be responsible for paying Forty-Three Thousand One Hundred Twenty-One and 50/100 Dollars ($43,121.50) and Defendant Lawrence Foods will solely be responsible for paying Forty Thousand and 00/100 Dollars ($40,000.00). Each of the Settling Defendants shall pay the above-referenced amount under the terms of this Partial Settlement Agreement for the Monetary Awards to Class Members, Class Counsel's attorneys' fees and costs, Administrative Costs, and Service Awards. The amounts for which each Settling Defendant is responsible for paying shall be that Settling Defendant's only payment obligation and failure of any Settling Defendant to pay its portion of the Settlement Amount does not impact the resolution of this Action between the other Settling Parties pursuant to this Partial Settlement Agreement. Failure of any Settling Defendant to meet its payment obligation pursuant to the terms of this Agreement shall result in such Settling Defendant being excluded from the Settlement.

33. "Settlement Class" or "Settlement Class Members" means all of the Class Members who do not opt out of the Settlement Class by timely submitting an Opt-Out Request pursuant to Section IV.E.

34. "Settlement Fund" means the Five Hundred and Eighty-Eight and Two Hundred and Sixty and 65/100 Dollars ($588,260.65), including any interest earned thereon, to be held, invested, administered, and disbursed pursuant to this Settlement Agreement.

B. Cooperation. The Parties agree that they will cooperate to effectuate and implement all terms and conditions of this Partial Settlement Agreement, and exercise good faith efforts to accomplish the terms and conditions of this Settlement Agreement. The Parties agree to accept

12

non-material and procedural changes to this Partial Settlement Agreement if so required by the Court in connection with Final Approval of the Settlement, but are not obligated to accept any changes in the monetary amount of relief, or any other material substantive change.

      C.      Certification of the Class for Settlement Purposes Only.

          1.      Within seven (7) days after the execution of this Partial Settlement Agreement, Plaintiffs will file the Partial Settlement Agreement and request that the Court certify the Class pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) for settlement purposes only. The Settling Defendants will not oppose Plaintiffs' request to certify the Class for settlement purposes only. The Named Plaintiffs and Class Counsel agree that, if the Action were to proceed, they would not argue or present any argument, and hereby waive any argument, based on this settlement or this Partial Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of this settlement or this Partial Settlement Agreement or negotiations that led to settlement, that the Settling Defendants should be thereby barred from contesting class action certification pursuant to Federal Rule of Civil Procedure 23, or from asserting any and all other potential defenses and privileges. This Partial Settlement Agreement shall not be deemed an admission by, or a basis for estoppel against, the Settling Defendants that class action treatment pursuant to Federal Rule of Civil Procedure 23 in the Action is proper or cannot be contested on any grounds.

          2.      If, for any reason, the Court does not approve this Partial Settlement Agreement, fails to enter the Order Granting Final Approval, or fails to enter the Judgment, or if this Partial Settlement Agreement is lawfully terminated for any other reason, then Plaintiffs' prior request for class certification shall be deemed null and void *ab initio*, Plaintiffs shall retain the absolute right to assert any and all claims and to seek class certification, and the Settling

13

Defendants shall retain the absolute right to dispute the propriety of class certification on all applicable grounds.

## IV.    COURT APPROVAL, CLASS NOTICE, AND FAIRNESS HEARING

A.    Jurisdiction.  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

B.    Preliminary Approval.

1.    Within seven (7) days after the execution of this Settlement Agreement, Plaintiffs shall file a motion with the Court, unopposed by the Settling Defendants, for an order preliminarily certifying the Class for settlement purposes; preliminarily approving this Partial Settlement Agreement; approving the Notice to be sent to Class Members and potential Class Members describing the terms of the Partial Settlement and informing them of their rights to submit objections and to opt out; and preliminarily enjoining, pending the outcome of the Fairness Hearing, (i) all Class Members from commencing, prosecuting, or maintaining any claim already asserted in, or encompassed by, this Action, and (ii) all Class Members (including those who request exclusion) from commencing, prosecuting, pursuing or maintaining in any court or forum other than the Court, any claim, action, or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision, or ruling of the Court in connection with this Partial Settlement Agreement or otherwise in connection with this Action.

C.    Notice to Class Members; Responses to the Notice.

1.    The Court will appoint a Claims Administrator (mutually agreed upon by the Settling Parties) as the Claims Administrator to perform the following tasks, among others:

14

DocuSign Envelope ID: 84A45FC8-BB9B-4866-B418-5B48345A994D

   a.  Distribute Preliminary and Final Notice to Class Members and potential Class Members;

   b.  Receive and forward to Class Counsel and the Settling Defendants' Counsel any Objections or Opt-Out Requests from Class Members;

   c.  Distribute and receive Claim Forms and other documents in a confidential manner; and

   d.  Properly process the Awards, including for tax purposes as directed in Section VII below.

   2.  No later than thirty (30) calendar days following the Preliminary Approval Date, Defendant MVP shall provide the Claims Administrator with a list of assignees from its Cicero Branch Office during the Class Period ("MVP Assignee List") for the sole purpose of providing notice of this Partial Settlement. The Claims Administrator shall not be permitted to use the MVP Assignee List for any other purpose than that set forth in this Agreement. The MVP Assignee List will be true and correct to the best of Defendant MVP's knowledge. The Claims Administrator shall be required to execute a confidentiality agreement requiring that the information contained in the MVP Assignee List shall be used only for the purposes set forth in this paragraph and shall be maintained as confidential. Upon completion of the notice process, the Claims Administrator shall return to Defendant MVP or destroy all copies of the MVP Assignee List and certify to counsel for MVP that no copies of the data have been retained or shared.

   3.  Within ten (10) business days after receiving the MVP Assignee List from MVP, the Claims Administrator will mail the Notice Packet, made up of the Claim Form and Abridged Noticed attached hereto as Exhibits A and B, respectively, to each individual on the MVP Assignee List for whom there is a mailing address.

4.      In order to provide the best notice practicable, before mailing the Notice and Claim Forms, the Claims Administrator will run the MVP Assignee List through the United States Postal Service's National Change of Address database ("NCOA").

5.      If envelopes from the mailing of the Notice and Claim Forms are returned with forwarding addresses, the Claims Administrator will re-mail the Notice and Claim Forms to the new addresses within five (5) business days.

6.      In the event that a Notice and Claim Form are returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace in an effort to ascertain the current address of the particular Class Member or potential Class Member in question, and, if such an address is ascertained, the Claims Administrator will re-send the Notice and Claim Form within five (5) business days of receiving the newly ascertained address; if no updated address is obtained for that Class Member or potential Class Member, the Notice and Claim Form shall be sent again to the Class Member's or potential Class Member's last known address. In either event, the duty of the Parties and Claims Administrator to deliver the Notice and Claim Form shall be deemed satisfied once it is mailed for the second time.

7.      No later than the date of the first mailing of Notice Packets to the Class List, Class Counsel shall cause to be establish a *Hunt-MVP* Class Action Settlement website at the URL www.Hunt-MVP_Settlement.com which shall contain the information in the Notice, Exhibits B and C, as well as a downloadable claim form, Exhibit A, which shall remain active for not less than the sixty (60) day claim period.

8.      Within fourteen (14) calendars days of the mailing of the Notice Packet, Class Counsel shall cause to be published in two community newspapers serving the African American community in the area of the MVP Cicero Office and through social media targeted to African Americans in the area of the MVP Cicero Office the information contained in Exhibit E, attached hereto.

D.      <u>Objections</u>.

1.      Class Member objections to this Settlement Agreement must be in writing, signed, and submitted to the Claims Administrator (with copies served on the Settling Parties' counsel); must include a detailed description of the basis of the objection; and must indicate whether the Settlement Class Member intends to appear at the Fairness Hearing. To be timely and considered by the Court, objections must be received within sixty (60) days after Notice is mailed to Class Members.

2.      The Claims Administrator shall provide counsel for both parties all objections it receives from Class Members.

3.      Class Counsel will file with the Court all timely submitted and served objections with the Motion for Final Approval.

E.      <u>Exclusions/Opt-Outs</u>.

1.      Any Class Member who wishes to opt out of the Class must mail to the Claims Administrator a written, signed statement that he or she is opting out. Opt-Out Requests must be received within sixty (60) days after Notice is mailed to Class Members. Class Counsel shall file with the Court all timely Opt-Out Requests. The Settlement Class will not include those individuals who timely submit an Opt-Out Request, and individuals who opt out are not entitled to any Award under this Partial Settlement Agreement. The Notice shall include the following

DocuSign Envelope ID: 84A45FC8-BB9B-4866-B418-5B4834E4994D

language: "Any Class Member who wishes to opt out must mail a written, signed statement that he/she is opting out of the Settlement to the Claims Administrator, at the address listed above. To be effective, this opt out statement must be received on or before [sixty (60) days after the Notice is scheduled to be mailed to Class Members.]" To be effective, the Opt-Out Request must include the language specified in the Notice confirming that the individual is aware that by opting out he or she will forego the opportunity to receive monetary benefits from this Settlement. Class Members who have timely and properly opted out of the Settlement Class as set forth in this Paragraph may not participate in the Fairness Hearing. The Claims Administrator shall determine whether a Class Member has timely and properly opted out of the Settlement Class.

      2.    Class Members who file Opt-Out Requests may rescind their Opt-Out Request. To be effective, such rescissions must be in writing and must be received by the Claims Administrator at least one (1) day before the Fairness Hearing.

      F.    <u>Fairness Hearing</u>.

      1.    Upon Preliminary Approval, a briefing schedule and Fairness Hearing date will be set at the Court's convenience. The Plaintiffs' Motion for Final Approval will be due no earlier than thirty (30) days following the close of the objection and opt-out period, and the Fairness Hearing will be held no earlier than forty-five (45) days following the close of the objection and opt-out period, unless agreed to by the Settling Parties or set by the Court. Neither this Settlement Agreement nor the Court's Preliminary or Final Approval hereof shall be admissible in any court regarding the propriety of class certification or regarding any other issue or subject (except for the purpose of enforcing this Partial Settlement Agreement and as otherwise set forth herein).

DocuSign Envelope ID: 84A45FC9-BB9B-48C6-B418-5B4834E4994D

2. The time periods referenced in this Section IV are guidelines; actual dates will be determined by the Court.

3. In the event that this Partial Settlement Agreement does not become final and binding, no party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including, but not limited to, claims or objections to class certification, and claims and defenses on the merits. Each party reserves the right to prosecute or defend this Action in the event that the Partial Settlement Agreement does not become final and binding.

4. If this Partial Settlement Agreement is not approved by the Court or for any other reason is terminated or fails to become effective in accordance with its terms (or if, following approval by this Court, such approval is reversed or substantively modified), the Settling Parties shall be restored to their respective positions that existed in this Action prior to entering into this Partial Settlement Agreement; the terms and provisions of this Partial Settlement Agreement shall have no force or effect and shall not be used in this Action or in any proceeding for any purpose; the Settlement Fund shall be returned to the Settling Defendants (consistent with the amounts each contributed), including any interest earned through the date of termination (after deducting all costs and expenses, including costs of providing Notice to Class Members, and all costs paid or incurred by the Claims Administrator, as of the date of termination); any judgment entered by the Court in accordance with the terms of this Partial Settlement Agreement shall be treated as vacated, *nunc pro tunc*; and the litigation of the Action will resume as if there had been no Partial Settlement Agreement, with no stipulated Class. The Settling Parties retain all rights, claims, and defenses as to class certification and otherwise as to any of the allegations asserted in this Action. This Partial

Settlement Agreement will not be considered an admission of liability or damages by the Settling Defendants.

G.    Settling Defendants' Right to Withdraw from the Agreement Based On the Opt-Out Requests.

1.    If the total number of Class Members who object to the Settlement or become Opt-Outs is more than fifteen (15) individuals, each Settling Defendant will have the option at its discretion of rejecting this Partial Settlement in its entirety; provided however, that such option must be exercised within seven (7) days after receiving notice from the Claims Administrator after the objection or exclusion deadlines as to how many Class Members have requested exclusion.

2.    In the event that any of the Settling Defendants withdraw from this Partial Settlement Agreement or in the event that this Partial Settlement Agreement is reversed on appeal or is otherwise rendered null and void for any reason, the Claims Administrator shall have the obligation to return that portion of the Settlement Fund the withdrawing Defendant contributed to the Settlement Fund (including all income and/or interest, but after deducting all costs and expenses paid or incurred by the Claims Administrator as of the date of the withdrawal, including costs of providing Notice to Class Members) to the withdrawing Defendant(s) within ten (10) business days.

V.    **RELEASE/BAR OF CLAIMS**

A.    All Settlement Class Members who do not timely opt out of this Partial Settlement will irrevocably and forever release all Released Claims as defined in Section III.A.27. above. Settlement Class Members who fail to timely opt out (including their heirs, administrators, representatives, executors, successors, and assigns) expressly waive any and all provisions, rights and benefits conferred under or by any law of any state or territory of the United States, or principle

DocuSign Envelope ID: 84A45FC8-BB9B-4866-B418-5B4834E4994D

of common law, which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which

provides:

> A general release does not extend to claims that the creditor or
> releasing party does not know or suspect to exist in his or her favor
> at the time of executing the release and that, if known by him or her,
> would have materially affected his or her settlement with the debtor
> or released party.

B.  <u>Named Plaintiffs' General Release</u>.  As a condition of receiving a Service Award

in conjunction with this Partial Settlement Agreement, in this "General Release," the Named

Plaintiffs knowingly and voluntarily release and forever discharge the Settling Defendants and

Released Parties, of and from any and all claims, known and unknown, asserted or unasserted,

which the Named Plaintiffs has or may have against Releasees as of the date of execution of this

Agreement except as limited in Section V.C. below, including, but not limited to, any alleged

violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Illinois Human Rights Act;
- 820 ILCS 305/4(h) of the Illinois Workers' Compensation Act;
- Illinois common law regarding retaliation or discrimination for filing a workers' compensation claim;
- Illinois Equal Pay Act;
- Illinois School Visitation Rights Act;
- Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- Illinois Genetic Information Privacy Act;

DocuSign Envelope ID: 84A45FC8-BB9B-48C8-B418-5B4834E4994D

- Illinois One Day Rest in Seven Act;
- Illinois Eight Hour Work Day Act;
- Illinois Health and Safety Act;
- Illinois Whistleblower Act;
- Illinois Victims' Economic Safety and Security Act;
- Illinois Worker Adjustment and Retraining Notification Act;
- Illinois Personnel Records Review Act;
- Illinois Criminal Identification Act;
- Illinois Voter Leave Act;
- Illinois Family Military Leave Act;
- Illinois Joint Agency Rules of Sex Discrimination;
- Illinois Joint Agency Rules on National Origin Discrimination;
- Illinois Human Rights Commission Rules on Handicap Discrimination;
- Illinois Human Rights Commission Rules on Unfavorable Military Discharge Discrimination;
- Smoke Free Illinois Act;
- Illinois Blood Donation Leave Act;
- Illinois Civil Patrol Leave Law
- Illinois Jury Duty Leave Law
- Illinois Official Meetings Leave Law
- Illinois Witness Duty Leave Law
- Illinois Working Mothers in the Workplace Act;
- Illinois Common Law Claims for Unlawful Retaliatory Discharge in Violation of Public Policy;
- Illinois Employee Sick Leave Act;
- Illinois Child Bereavement Leave Act;
- Illinois Biometric Information Privacy Act;
- Cook County Human Rights Ordinance;
- Cook County Earned Sick Leave Ordinance;
- Chicago Human Rights Ordinance, as amended;
- Chicago Earned Sick Leave Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

In exchange for providing this General Release, Defendants shall pay the Named Plaintiffs the Service Award.

C.       The General Release by the Named Plaintiffs explicitly excludes any claims of race discrimination against MPS only (and not MVP) arising out of the Named Plaintiffs' and/or Class

DocuSign Envelope ID: 84A45FC8-BB0B-4866-B418-5B4834E4994D

Members' non-assignment from MVP's Cicero Office to MPS, any claims of race discrimination arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Vee Pak, Inc. and/or Gold Standard Baking, Inc. raised in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) and the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.), respectively, to any of other client company of MVP (exclusive of Segerdahl, Mercury, Penray, ARI or Lawrence Foods) or any conduct or omissions occurring after the Preliminary Approval Date. The General Release further does not waive any rights that cannot be waived by law, including the Named Plaintiffs' right to file a charge of discrimination with an administrative agency, such as the U.S. Equal Employment Opportunity Commission ("EEOC") and their rights to: (i) participate in any agency investigation or proceeding; or (ii) testify in an administrative, legislative or judicial proceeding concerning alleged criminal conduct or alleged unlawful employment practices on the part of the Settling Defendants; or (iii) report allegations of unlawful conduct to federal, state or local officials for investigation. The Named Plaintiffs are waiving, however, any right to recover money in connection with such a charge or investigation involving a released claim, whether initiated by a Named Plaintiff or by another party, against Segerdahl, Mercury, Penray, ARI or Lawrence Foods or against MVP as related to non-assignments to Segerdahl, Mercury, Penray, ARI, Lawrence Foods or MPS only during the Settlement Class Period, and explicitly are not waiving any right to recover money in connection with any claim of race discrimination related to Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Vee Pak, Inc. and/or Gold Standard Baking, Inc. as raised in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) and the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.), respectively, or to any of other client company of MVP (exclusive of Segerdahl,

Mercury, Penray, ARI, Lawrence Foods, or, as to MVP only, MPS). However, MVP reserves, and does not waive, any and all defenses that have been or may be asserted in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) or the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.) as relates to claims arising from non-assignments from MVP's Cicero Office, including any such defenses related to payments received by Plaintiffs and/or Class Members as a part of this Partial Settlement Agreement. MVP also reserves, and does not waive, any and all defenses that have been or may be asserted in any actions that have been, or may be, brought against MVP related to claims arising from the non-assignment of laborers from MVP, including any such defenses related to payments received by Plaintiffs and/or Class Members as part of this Partial Settlement Agreement.

The terms of the Releases, set forth in Section V.A. above for Settlement Class Members and Section V.B. above for the Named Plaintiffs, are a material part of this Partial Settlement Agreement and are hereby incorporated as if fully set forth in the Partial Settlement Agreement; if these Releases, set forth in Section V.A. above for Settlement Class Members and in Section V.B. for the Named Plaintiffs, are not finally approved by the Court, or the Partial Settlement Agreement cannot become effective for any reason and the Partial Settlement set forth in this Partial Settlement Agreement terminates as provided in Section IX of this Partial Settlement Agreement, then the Releases shall terminate *nunc pro tunc* and be of no force and effect.

E.      The Settling Defendants release and forever discharge all claims, counter-claims, cross-claims, demands, rights, liabilities, and causes of action arising out of the Named Plaintiffs' and/or Class Members' employment with any of the Settling Defendants through the Final Approval Date, known or unknown, that any Settling Defendant may have against another Settling Defendant, its parent, subsidiaries and affiliated companies, and in the case of all such entities,

DocuSign Envelope ID: 84A45FC8-BB9B-4866-B418-5B4834E4994D

their respective past and present owners, representatives, officers, directors, attorneys, agents, employees, insurers, predecessors, successors and assigns, arising out of the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Action, including but not limited to, all claims for monetary damages, injunctive, declaratory, or equitable relief, and costs and attorneys' fees arising under any federal, state, local or common laws or regulations arising out of the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims, counter-claims, or cross claims, that were or could have been asserted in this Action.

## VI.  **INJUNCTIVE RELIEF**

A.  Injunctive Relief by the Settling Client Companies other than Lawrence Foods, Mercury and ARI.

Within six (6) months after the Final Approval Date, Defendants Segerdahl and Penray shall each provide training to all of its employees with responsibilities for securing temporary laborers for each's respective company on equal employment opportunity and compliance with various federal and state civil rights laws. Defendants Segerdahl and Penray shall thereafter certify to Class Counsel in writing that training has been conducted. ARI, through its counsel, warrants that the ARI was sold, and no longer has employees.

**B.  Warranty by Lawrence Foods.**

Lawrence Foods warrants that since before, during and after its use of temporary staffing services provided by MVP, and continuing indefinitely thereafter, Lawrence Foods has maintained, and will continue to maintain, a policy of equal employment opportunity applicable to all of its employees, including without limitation its staff who have previously interacted, presently interact, and in the future may interact, with temporary labor and/or staffing agencies.

DocuSign Envelope ID: 84A45FC8-BB9B-486B-B418-5B4834E4994D

Lawrence Foods further warrants that it has in the past required, and will continue in the future to require, adherence to principles of equal employment opportunity and compliance with applicable federal and state civil rights laws in its workplace, including specifically with respect to Lawrence Foods' work with temporary labor and staffing agencies.

### C. Warranty by Mercury.

Mercury warrants that since before, during and after its use of temporary staffing services provided by MVP, and continuing indefinitely thereafter, Mercury has maintained, and will continue to maintain, a policy of equal employment opportunity applicable to all of its employees, including without limitation its staff who have previously interacted, presently interact, and in the future may interact, with temporary labor and/or staffing agencies. Mercury further warrants that it has in the past required, and will continue in the future to require, adherence to principles of equal employment opportunity and compliance with applicable federal and state civil rights laws in its workplace, including specifically with respect to Mercury's work with temporary labor and staffing agencies.

## VII. MONETARY RELIEF

A. Settlement Fund.

1. No later than thirty (30) calendar days after the Preliminary Approval Date, Defendant MVP shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator not less than twenty-five percent (25) of its Settlement obligation of Three Hundred Thirty-Seven Thousand Five Hundred and 00/100 Dollars ($337,500.00), or Eighty-Four Thousand Three Hundred Seventy-Five and 00/100 Dollars ($84,375.00). No later than thirty (30) calendar days after the Preliminary Approval Date, Defendant Segerdahl shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator not less than twenty-five percent (25%) of its

Settlement obligation of Seventy-Three Thousand Nine Hundred Seventy-Two and 25/100 Dollars ($73,972.25), or Eighteen Thousand Four Hundred Ninety-Three and 06/100 Dollars ($18,493.06). No later than thirty (30) calendar days after the Preliminary Approval Date, Defendant Mercury shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator not less than twenty-five percent (25%) of its Settlement obligation of Seventy-Four Thousand and 00/100 Dollars ($74,000.00), or Eighteen Thousand Five Hundred and 00/100 Dollars ($18,500.00). No later than thirty (30) calendar days after the Preliminary Approval Date, Defendant Penray shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator not less than twenty-five percent (25%) of its Settlement obligation of Nineteen Thousand Six Hundred Sixty-Six and 90/100 Dollars ($19,666.90), or Four Thousand Nine Hundred Sixteen and 73/100 Dollars ($4,916.73). No later than thirty (30) calendar days after the Preliminary Approval Date, Defendant ARI shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator not less than twenty-five percent (25%) of its Settlement obligation of Forty-Three Thousand One Hundred Twenty-One and 50/100 Dollars ($43,121.50), or Ten Thousand Seven Hundred Eighty and 38/100 Dollars ($10,780.38). No later than thirty (30) calendar days after the Preliminary Approval Date, Defendant Lawrence Foods shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator not less than twenty-five percent (25%) of its Settlement obligation of Forty Thousand and 00/100 Dollars ($40,000.00), or Ten Thousand and 00/100 Dollars ($10,000.00).

2. No later than twenty-one (21) calendar days after the Final Approval Date, Defendant MVP shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of its Settlement obligation of Three Hundred

Thirty-Seven Thousand Five Hundred and 00/100 Dollars ($337,500.00) not paid pursuant to Section VII.A.1. No later than twenty-one (21) calendar days after the Final Approval Date, Defendant Segerdahl shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of its Settlement obligation of Seventy-Three Thousand Nine Hundred Seventy-Two and 25/100 Dollars ($73,972.25) not paid pursuant to Section VII.A.1. No later than twenty-one (21) calendar days after the Final Approval Date, Defendant Mercury shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of its Settlement obligation of Seventy-Four Thousand and 00/100 Dollars ($74,000.00) not paid pursuant to Section VII.A.1. No later than twenty-one (21) calendar days after the Final Approval Date, Defendant Penray shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of its Settlement obligation of Nineteen Thousand Six Hundred Sixty-Six and 90/100 Dollars ($19,666.90) not paid pursuant to Section VII.A.1. No later than twenty-one (21) calendar days after the Final Approval Date, Defendant ARI shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of its Settlement obligation of Forty-Three Thousand One Hundred Twenty-One and 50/100 Dollars ($43,121.50) not paid pursuant to Section VII.A.1. No later than twenty-one (21) calendar days after the Final Approval Date, Defendant Lawrence Foods shall pay by wire transfer or otherwise transmit to the Qualified Settlement Fund established by the Claims Administrator the balance of its Settlement obligation of Forty Thousand and 00/100 Dollars ($40,000.00) not paid pursuant to Section VII.A.1.

3. The payments made pursuant to Sections VII.A.1 and VII.A.2 are made in order to satisfy the claims of the Named Plaintiffs and Class Members released in this Partial

Settlement Agreement, as well as for other purposes identified in this Partial Settlement Agreement. The Settlement Amount shall constitute the total monetary outlay by the Settling Defendants with respect to: (a) the resolution of this matter; (b) this Settlement Agreement (and attachments); and (c) the dismissal of this Action. The amounts for which each Settling Defendant is responsible for paying shall be that Settling Defendant's only payment obligation(s) and failure of any Settling Defendant to pay its portion of the Settlement Amount does not impact the partial resolution of this Action between the other Parties pursuant to the Partial Settlement Agreement. Failure of any Settling Defendant to pay its portion of the Settlement Amount pursuant to the terms of this Partial Settlement Agreement shall result in that Settling Defendant being excluded from this Partial Settlement Agreement.

4.      The Claims Administrator shall hold the Settlement Amount in trust until this Partial Settlement Agreement is finally approved by the Court.

5.      Once this Partial Settlement Agreement is finally approved by the Court, Named Plaintiffs will formulate an appropriate plan for distribution of the funds to the Class Members, which will be subject to approval by the Court.  However, it is understood and agreed by the Parties that:

a.      The Settlement Fund proceeds will be distributed through a claims-made process based on the formulas described below; and

b.      Each Class Member who files a valid Claim Form shall receive a *pro rata* share of the payment of the Settlement Fund (Settlement Fund ÷ Total Valid Claims); and

c.      50% of each Claimant's Settlement Payment will be considered wages and will be reported as such on an IRS Form W-2 and the remaining 50% of each Claimant's Settlement Payment will be considered compensatory damages and will be reported as such on an

DocuSign Envelope ID: B4A45FC8-BB9D-486C-B418-5B4834E4994D

IRS Form 1099 where mandated by the Internal Revenue Service. Appropriate withholding of federal, state, and local income taxes and the Claimants' share of Federal Insurance Contribution Act ("FICA") taxes shall be deducted from the portion of the Settlement Payments considered to be wages and reported on the above-referenced Form W-2. The employer's share of payroll taxes will be paid out of the Settlement Amount. Other than the withholding and reporting requirements herein, each Claimant shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Agreement.

      B.     <u>Administration of Settlement Fund</u>.

      The Settlement Fund will be placed in an account titled in the name of *Hunt-MVP* Settlement Fund, a Qualified Settlement Fund, intended by the Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq.* At the time the Claims Administrator is directed by Order of the Court to distribute the *Hunt-MVP* Settlement Fund, the Claims Administrator shall: (1) calculate, withhold, remit, and report each Claimant's and the employer's share of applicable payroll taxes in connection with the Settlement Payment; (2) satisfy all tax reporting, return, and filing requirements with respect to the Settlement Account and interest or other income earned by the Settlement Account as detailed in Section VII.F. below; and (3) satisfy out of the Settlement Account all taxes (including estimated taxes, interest, or penalties) with respect to the interest or other income earned by the Settlement Account, fees, expenses, and costs incurred in connection with the opening and administration of the Agreement as Administrative Costs. The Parties and the Claims Administrator shall elect to treat the Settlement Account as coming into existence as a Qualified Settlement Fund on the earliest date set forth in 26 C.F.R. § 1.468B-1(j)(2)(i), and such

election statement shall be attached to the appropriate returns as required by 26 C.F.R. § 1.468B-1(j)(2)(ii). The Parties agree to cooperate with the Claims Administrator and one another as necessary to effectuate the terms of this Agreement.

C.      Claims Procedure.

1.      Claims Filing Procedures for Obtaining Monetary Relief. All Settlement Class Members, including the Named Plaintiffs, may be eligible to receive a Monetary Award from the Settlement Fund. All Settlement Class Members, excluding the Named Plaintiffs, who seek to claim a Monetary Award from the Settlement Fund must do so in writing by signing and submitting to the Claims Administrator a Claim Form, as described more fully below, which must be received by the Claims Administrator by the date set by the Court. Settlement Class Members shall complete the Claim Form in its entirety to the extent applicable and in accordance with the procedures and requirements set forth on the Claim Form. Class Members who file a Claim Form must notify the Claims Administrator of any change of address. A failure to notify the Claims Administrator of a change of address may result in the forfeiture of an Award.

The Claim Form shall be mailed to Settlement Class Members by the Claims Administrator following Final Approval of the Settlement.

2.      Claim Form and Monetary Award Options. Settlement Class Members, excluding the Named Plaintiff, who seek to claim a Monetary Award must submit a Claim Form. Any Settlement Class Member who fails to timely file a Claim Form shall not receive a Monetary Award but shall be bound to this Partial Settlement Agreement, including Section V herein. The Named Plaintiffs shall be deemed to have filed a valid and timely claim.

3.      Confidentiality of Claims Resolution Process and Settlement Administration. Before receiving any Confidential or Confidential-Attorneys' Eyes Only

DocuSign Envelope ID: 84445FC8-BB9B-4866-B418-5B48364994D2

Information, the Claims Administrator and any other third party involved in the claims process or the administration of this Partial Settlement Agreement must sign a confidentiality agreement in a form agreed to by the Settling Parties. Claim Forms completed by Class Members, information submitted by Class Members, and all other aspects of the Claims Resolution Process will be confidential.

D.     <u>Non-Admissibility of Fact of Award or Non-Award</u>. Except to the extent that it is a defense that has been or may be asserted in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) or the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.) or a defense that has been or may be asserted in any other action or claim brought against MVP as relates to claims arising from non-assignments from MVP, including any such defenses related to payments received by Plaintiffs and/or Class Members as a part of this Partial Settlement Agreement, neither the fact nor the amount of an Award, nor the fact of any non-award, from the Settlement Fund shall be admissible in any other proceeding for any purpose other than to enforce the Class Member Release or Named Plaintiffs Release, nor shall it be deemed to be a finding as to the merits of any claim.

E.     <u>Payment of Federal, State, and Local Taxes</u>. The Parties recognize that the awards to eligible Claimants will be subject to applicable tax withholding and reporting, which will be handled as follows:

1.     The Claims Administrator shall serve as trustee of the portion of the Settlement Fund devoted to paying claims ("Claims Fund") and shall act as a fiduciary with respect to the handling, management, and distribution of the claims, including the handling of tax-related issues and payments. Specifically, the Claims Administrator shall be responsible for withholding, remitting, and reporting of the Claimants' share of payroll taxes from the Settlement Fund.

2.　　The Claims Administrator shall inform the Settling Defendants in writing of the employer's share of all taxes or contributions (i.e., FUTA, SUTA, FICA and Medicare) which are to be out of the Settlement Fund. The Settling Defendants shall have no obligation to pay the employer's share of taxes and contributions pertaining to any Class Members who opt out and therefore receive no Award.

3.　　The Claims Administrator shall be responsible for the timely reporting and remitting of the Employer Payroll Tax Payment to the appropriate taxing authorities to be paid from the Settlement Fund and shall indemnify the Settling Defendants for any and all penalties and interest relating to such tax payments, including those arising out of an incorrect calculation and/or late payment of the correct taxes.

4.　　Subject to the Claims Administrator's obligation to comply with applicable laws, the Settling Parties anticipate that any amounts designated as non-wage income shall not be subject to withholding and shall be reported, if required, to the IRS on Form 1099.

5.　　The Claims Administrator shall be responsible for satisfying from the Claims Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal and state income tax withholding, FICA, Medicare, and any state employment taxes.

6.　　The Claims Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs and expenses subject to reporting), and any and all taxes, penalties, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

7.      All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed on the Settling Defendants with respect to income earned for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this Section (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs, and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses"), shall be paid out of the Settlement Fund. The Parties hereto agree to cooperate with the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

8.      Other than the withholding and reporting requirements set forth in Section VII.F.5.-6., Claimants shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Settlement Agreement. The Settling Defendants make no representations and it is understood and agreed that the Settling Defendants have made no representations as to the taxability of any portions of the settlement payments to any Claimants, the payment of any cost or an award of attorney fees, or any payments to the Named Plaintiffs. The Notice will advise Class Members to seek their own tax advice prior to acting in response to the Notice, and the Named Plaintiffs and Class Counsel agree that Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the Notice.

F.      Settling Defendants Have No Further Obligation, Liability or Responsibility. The Settling Defendants shall have no withholding, reporting, or any other tax reporting or payment responsibilities with regard to the Settlement Fund or its distribution to Settlement Class Members. Moreover, the Settling Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement Fund, the determination of any formulas for disbursement, or the disbursement of any monies from the Settlement Fund except for (1) the obligation to pay their individual portions of the Five Hundred Eighty-Eight Thousand Two Hundred Sixty and 65/100 Dollars ($588,260.65) into the Settlement Fund as described in Section VII.A.1. and (2) the agreement to cooperate in providing information necessary for Settlement administration set forth herein. The Claims Administrator shall indemnify the Settling Defendants for any tax liability, damages, or penalties arising out of their performance of any duties required by this Settlement Agreement.

## VIII.  ATTORNEYS' FEES AND EXPENSES OF CLASS COUNSEL AND SERVICE AWARD TO THE NAMED PLAINTIFFS

A.      As discussed in Section VII.B. above, all of Class Counsel's fees and costs, including those in connection with securing Court approval of this Settlement Agreement, the claims process, and any monitoring of this Settlement Agreement, shall be paid from the Qualified Settlement Fund, following approval of those attorneys' fees and costs by the Court. Subject to approval by the Court, Class Counsel will seek attorneys' fees and costs of in an amount not to exceed one-third of the Settlement Amount, subject to Court approval. The Settling Defendants shall not object to Class Counsel's requests for fees and costs up to the amounts stated herein.

B.      The Named Plaintiffs have exerted time and effort in assisting Class Counsel and serving as fiduciaries for the Settlement Class. As is standard in class litigation, Class Counsel intends to petition the Court for a Service Award to the Named Plaintiffs for their efforts and

DocuSign Envelope ID: 84A45FC8-BB9B-48C6-B418-5B4836E4994D

service to the Settlement Class. The Settling Defendants shall not object to the Named Plaintiffs'
motion for Service Award of Five Thousand Dollars ($5,000) to each of the Named Plaintiffs, or
a total of Twenty Thousand Dollars ($20,000) to all of the Named Plaintiffs.

## IX.     **TERMINATION OF SETTLEMENT**

A.      In the event that this Settlement Agreement is not approved in its entirety as is by
the Court, excluding modifications that the Settling Defendants determine in their reasonable and
good faith judgment not to be material modifications, or in the event that the Settlement set forth
in this Settlement Agreement is terminated, cancelled, declared void, or fails to become effective
in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the
Effective Date does not occur, no payments shall be made by the Settling Defendants to anyone in
accordance with the terms of this Settlement Agreement, and the Parties will each bear their own
costs and fees with regard to the efforts to obtain Court approval. In such event, this Settlement
Agreement (except for this provision and those provisions relating to non-admissibility and non-
admission of liability set forth in Sections II.B., II.G., II.I., and VII.D. shall be deemed null and
void and its terms and provisions shall have no further force and effect with respect to the Parties
and shall not be used in the Action or in any other proceeding for any purpose. In such event, the
Settling Defendants do not waive, but rather expressly reserve, all rights to challenge any and all
claims and allegations asserted by the Named Plaintiffs in the Action upon all procedural and
substantive grounds, including without limitation the ability to challenge class action treatment on
any grounds and to assert any and all other potential defenses or privileges. The Named Plaintiffs
and Class Counsel agree that the Settling Defendants retain and reserve these rights, and they agree
not to take a position to the contrary. The Named Plaintiffs and Class Counsel do not waive, but
rather expressly reserve, all rights to assert any claims and allegations and to challenge any and all

DocuSign Envelope ID: 84A45FC8-BB9B-4866-B418-5B4834E4994D

defenses thereto, upon all procedural and substantive grounds, and to seek class action treatment of any and all of their claims. The Settling Defendants agree that the Named Plaintiffs and Class Counsel retain and reserve these rights, and they agree not to take a position to the contrary. Notwithstanding any other provision of this Settlement Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Class Counsel, or reducing the amount of the Service Award to be paid to the Named Plaintiffs, shall constitute grounds for cancellation or termination of this Settlement Agreement or grounds for limiting any other provision of the Judgment.

## X.    CONFIDENTIALITY

A.    <u>Confidentiality of Settlement Negotiations</u>. Other than necessary disclosures made to the Court, the content of the Parties' settlement negotiations shall be held confidential by Counsel for the Parties.

B.    <u>Documents and Information Produced by Settling Defendants and Class Counsel</u>. All proprietary and confidential documents, data, or information that have previously been provided to any Settling Defendants or Class Counsel as of the date this Settlement Agreement is executed, or which are produced by the Settling Defendants or Class Counsel pursuant to any provision of this Settlement Agreement shall, unless otherwise agreed, be treated as, and thereafter remain, confidential. Said documents and information shall not be disclosed to anyone other than the mediator or the Court in connection with any proceeding to enforce any provision of this Settlement Agreement, or as otherwise provided in this Settlement Agreement. If such disclosure is deemed necessary by Class Counsel or Settling Defendants, Class Counsel or the Settling Defendants shall identify and disclose to the other party such documents and information deemed

DocuSign Envelope ID: 84A45FC8-BB9B-486B-B418-5B4834E4994D

necessary to disclose at least ten (10) business days prior to filing such documents with any court, and, if a party so requests, shall seek permission to file said documents with this Court under seal.

        C.     <u>Return or Disposal of Confidential Documents and Information</u>. All proprietary and confidential documents or information in all forms and formats (originals and copies) that have previously been provided to Class Counsel or to any of the Settling Defendants as of the date this Settlement Agreement is executed, or which are produced by the Settling Defendants or Class Counsel pursuant to any provision of this Settlement Agreement, shall be returned and/or destroyed by all of the Parties within ten (10) calendar days from the Effective Date.

        D.     Nothing in the preceding paragraphs of this Section shall preclude any party from responding to a lawsuit discovery request, subpoena, or court order; provided, however, that the party against whom such discovery is sought or such subpoena or order is directed agrees to provide prompt notice and a copy of same to counsel for the other parties to this Settlement Agreement. Nor shall anything in the preceding paragraphs preclude any party from retaining attorney work product.

## XI.   <u>MISCELLANEOUS PROVISIONS</u>

        A.     <u>Governing Law</u>. The Parties agree that federal law shall govern the validity, construction, and enforcement of this Settlement Agreement. To the extent that it is determined that the validity, construction, or enforcement of this Settlement Agreement, or the Named Plaintiffs' Releases thereunder, is governed by state law, the substantive law of Illinois shall apply.

        B.     <u>Entire Agreement</u>. This Settlement Agreement, including the Exhibits hereto, contains the entire agreement and understanding of the Parties with respect to the Settlement. This Settlement Agreement does not impose any obligations on the Parties beyond the terms and conditions stated herein. Accordingly, this Settlement Agreement shall not prevent or preclude the

DocuSign Envelope ID: 84A45FC8-BB9B-486B-B418-5B4834E4994D

Settling Defendants from revising their employment practices and policies or taking other personnel actions during the term of this Settlement Agreement so long as such actions would not violate the terms of this Settlement Agreement.

C. <u>Modifications</u>. Except as specifically provided for herein, this Settlement Agreement may not be amended or modified except with the express written consent of the Parties.

D. <u>Exhibits</u>. The Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

E. <u>Notices to Counsel</u>. All notices to counsel required or desired to be given under this Settlement Agreement shall be in writing and by overnight mail and e-mail to counsel for the respective Parties (specifically, to Christopher Williams for the Class, Elliot Richardson and Michele Dougherty of Korey Richardson LLP for Defendant MVP, Kirsten Milton of Jackson Lewis P.C. for Defendant Segerdahl, Phillip Schreiber of Holland & Knight, LLP for Defendant Mercury, Richard Patrick McArdle of Seyfarth Shaw, LLP for Defendants Penray and ARI, and Nicholas Anaclerio of Vedder Price, PC for Defendant Lawrence Food) at their respective addresses set forth below (or at such other address as any such party or counsel may designate in a subsequent notice).

F. <u>Failure to Insist on Strict Compliance</u>. The failure of any party to insist in any one or more instances on strict compliance with the terms and conditions hereof shall not be construed to be a waiver of remedies available with respect to any prior or subsequent breach.

G. <u>Settlement Agreement Binding</u>. This Settlement Agreement shall inure to the benefit of, and be binding upon, the Parties hereto and their respective heirs, dependents, executors, administrators, trustees, legal representatives, personal representatives, agents, successors, and

DocuSign Envelope ID: 84A45FC8-BB0B-4866-B418-5B4834E4994D

assigns provided, however, that this Settlement Agreement shall not inure to the benefit of any third party.

H.    <u>Dispute Resolution Mechanisms</u>. The Settling Parties will work diligently and in good faith to resolve all disputes that may arise between them concerning the rights, obligations, and duties of the Parties to this Agreement. In the event that the Settling Parties cannot agree, the Settling Parties will attempt to resolve the dispute with the facilitation of a mediator. In the event that mediation is unsuccessful, then either party may institute an enforcement action. Settlement Class Members will have no individual right to enforce the terms of the Settlement Agreement. Rather, only the Settling Defendants and the Named Plaintiffs, through Class Counsel, may seek to enforce the terms of the Settlement Agreement. In any action brought to enforce this Agreement, the Court may, in its discretion, award reasonable attorneys' fees and expenses to the prevailing party.

I.    <u>No Drafting Presumption</u>. All Parties hereto have participated, through their respective counsel, in the drafting of this Settlement Agreement and, therefore, this Settlement Agreement shall not be construed more strictly against one party than another.

J.    <u>Dispute As To Meaning of Agreement Terms</u>. In the event of any dispute or disagreement with respect to the meaning, effect, or interpretation of this Settlement Agreement or any Exhibit hereto, or in the event of a claimed breach of the Settlement Agreement, the Parties agree that such dispute will be resolved and adjudicated only in accordance with the dispute resolution provisions of Section XI.H of this Settlement Agreement.

K.    <u>Interpretation of Terms</u>. Whenever possible, each provision and term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.

L.    <u>Paragraph and Section Headings</u>. Paragraph and section headings are for convenience of reference only and are not intended to create substantive rights or obligations.

M.    <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Settlement Agreement.

N.    <u>Agreement Binding</u>. As of the date on which counsel for the Parties execute this Settlement Agreement, this Settlement Agreement shall be binding in all respects, subject to the terms and conditions set forth herein.

O.    <u>Parties' Authority</u>. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties to the terms and conditions hereof. All of the Parties acknowledge that through this Settlement Agreement and its attachments, they and the Class Members are being advised that they may consult an attorney regarding their participation in this Settlement Agreement, and the Parties acknowledge that they in fact have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

DocuSign Envelope ID: 84A445FC8-BB9B-486F-B418-5B4834F4994D

**Plaintiffs and Class Representative**

DATED: _____4/6/2020_____    PLAINTIFF JAMES ZOLLICOFFER

By: _____
     James Zollicoffer

DATED: _____4/6/2020_____    PLAINTIFF NORMAN GREEN

By: _____
     Norman Green

DATED: _____4/6/2020_____    PLAINTIFF JAMES LEWIS

By: _____
     James Lewis

DATED: _____4/6/2020_____    PLAINTIFF KEVIN JAMES

By: _____
     Kevin James

**Class Counsel**

DATED**: _____**    NATIONAL LEGAL ADVOCACY NETWORK

By: _____
     Christopher J. Williams

DATED**: _____**    COHEN, MILSTEIN, SELLERS & TOLL, PLLC

By: _____
     Joe Sellers

     *Attorneys for Plaintiffs and Class Counsel*

**Plaintiffs and Class Representative**

DATED: _____          PLAINTIFF JAMES ZOLLICOFFER


                                       By:  _____
                                            James Zollicoffer

DATED: _____          PLAINTIFF NORMAN GREEN


                                       By:  _____
                                            Norman Green

DATED: _____          PLAINTIFF JAMES LEWIS


                                       By:  _____
                                            James Lewis

DATED: _____          PLAINTIFF KEVIN JAMES


                                       By:  _____
                                            Kevin James

**Class Counsel**

DATED**:** _____          NATIONAL LEGAL ADVOCACY NETWORK
        3/25/2020

                                       By:  _Christopher J. Williams_____
                                            Christopher J. Williams

DATED**:** _____          COHEN, MILSTEIN, SELLERS & TOLL, PLLC
        3/25/2020

                                       By:  _Joseph Sellers_____
                                            Joe Sellers

                                       *Attorneys for Plaintiffs and Class Counsel*

**Defendant Personnel Staffing Group, LLC**

DATED: *March 24, 2020*　　　　　　PERSONNEL STAFFING GROUP, LLC

　　　　　　　　　　　　　　　　By: *Corey A. Witzel*

　　　　　　　　　　　　　　　　Its: *General Counsel*

**Defendant Personnel Staffing Group, LLC's Counsel**

DATED: ___3/24/2020___　　　　　　KOREY RICHARDSON LLP

　　　　　　　　　　　　　　　　By: *Michele D. Dougherty*
　　　　　　　　　　　　　　　　　　Michele D. Dougherty

**Defendant The Segerdahl Corp.**

DATED: _____　　　　THE SEGERDAHL CORP.

　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　Its: _____

**Defendant The Segerdahl Corp.'s Counsel**

DATED: _____　　　　JACKSON LEWIS P.C.

　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Kirsten A. Milton

**Defendant Mercury Plastics, Inc.**

DATED: _____　　　　MERCURY PLASTICS, INC.

　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　Its: _____

43

**Defendant Personnel Staffing Group, LLC**

DATED: _____                    PERSONNEL STAFFING GROUP, LLC

                                                   By: _____

                                                   Its: _____

**Defendant Personnel Staffing Group, LLC's Counsel**

DATED: _____                    KOREY RICHARDSON LLP

                                                   By: _____
                                                       Elliot S. Richardson

**Defendant The Segerdahl Corp.**

DATED: *March 25, 2020*                            THE SEGERDAHL CORP.

                                                   By: _____

                                                   Its: ___*EVP & GC*_____

**Defendant The Segerdahl Corp.'s Counsel**

DATED: *March 26, 2020*                            JACKSON LEWIS P.C.

                                                   By: _____
                                                       Kirsten A. Milton

**Defendant Mercury Plastics, Inc.**

DATED: _____                    MERCURY PLASTICS, INC.

                                                   By: _____

                                                   Its: _____

**Defendant Personnel Staffing Group, LLC**

DATED: _____　　　　PERSONNEL STAFFING GROUP, LLC

　　　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　　　Its: _____

**Defendant Personnel Staffing Group, LLC's Counsel**

DATED: _____　　　　KOREY RICHARDSON LLP

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Elliot S. Richardson

**Defendant The Segerdahl Corp.**

DATED: _____　　　　THE SEGERDAHL CORP.

　　　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　　　Its: _____

**Defendant The Segerdahl Corp.'s Counsel**

DATED: _____　　　　JACKSON LEWIS P.C.

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Kirsten A. Milton

**Defendant Mercury Plastics, Inc.**

DATED: _4/13/2020_　　　　　　　　　MERCURY PLASTICS, INC.

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Justin Messmer
　　　　　　　　　　　　　　　　　　Its: _CFO_

43

**Defendant Mercury Plastics, Inc.'s Counsel**

DATED: ___4/13/2020_____                    HOLLAND & KNIGHT, LLP

                                                  By: _Phillip M. Schr_____
                                                      Phillip Schreiber

**Defendant The Penray Companies, Inc.**

DATED: _____                        THE PENRAY COMPANIES, INC.

                                                  By: _____

                                                  Its: _____

**Defendant The Penray Companies, Inc.'s Counsel**

DATED: _____                        SEYFARTH SHAW, LLP

                                                  By: _____
                                                      Richard Patrick McArdle

**Defendant Advertising Resources, Inc.**

DATED: _____                        ADVERTISING RESOURCES, INC.

                                                  By: _____

                                                  Its: _____

**Defendant Advertising Resources, Inc.'s Counsel**

DATED: _____                        SEYFARTH SHAW, LLP

                                                  By: _____
                                                      Richard Patrick McArdle

**Defendant Mercury Plastics, Inc.**

DATED: _____           MERCURY PLASTICS, INC.

                                     By: _____

                                     Its: _____

**Defendant Mercury Plastics, Inc.'s Counsel**

DATED: _____           HOLLAND & KNIGHT, LLP

                                     By: _____
                                           Phillip Schreiber

**Defendant The Penray Companies, Inc.**

DATED: _____           THE PENRAY COMPANIES, INC.

                                     By: _____

                                     Its: _____

**Defendant The Penray Companies, Inc.'s Counsel**

DATED:  March 19, 2020               SEYFARTH SHAW, LLP

                                     By: _____
                                           Richard Patrick McArdle

**Defendant Advertising Resources, Inc.**

DATED: 18 March 2020                 ADVERTISING RESOURCES, INC.

                                     By: _____
                                           GARY E. MCCullough
                                     Its: Shareholder Representative

**Defendant Lawrence Foods, Inc.**

DATED: 3/25/2020
_____

LAWRENCE FOODS, INC.

By: *Marc Lawrence*
_____
F56B4210DD45420...

Its: Marc Lawrence
_____


**Defendant Lawrence Foods, Inc.'s Counsel**

DATED: 3/25/2020
_____

VEDDER PRICE, PC

By: *Nicholas Anaclerio*
_____
Nicholas Anaclerio

45

DocuSign Envelope ID: 84A45FC8-BB9B-48C6-B418-5B4834E4994D

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

*Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.,* **Case No. 16-cv-11086**

### IMPORTANT NOTICE

You are receiving this Claim Form because you may be eligible to receive lost wages due to the denial of job assignments as part of a class action settlement. If you are African American and, between December 6, 2012 and March 11, 2020, you sought a job assignment through the Cicero Illinois office of the staffing agency known as MVP which was located at 5637 W Roosevelt Rd, Cicero, IL 60804, and you were not assigned to work at companies known as the Segerdahl Corp., Mercury Plastics, Penray, ARI, Lawrence Foods, or MPS, then you may be eligible to participate in the settlement.

**Questions? Please call xxx-xxx-xxxx or visit the Settlement website, www.Hunt-MVP_Settlement**

### CLAIM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>
_____
<<ADDRESS>>
_____
<<CITY>>,<<ST>><<ZIP>>
_____
( \_\_\_ \_\_\_ \_\_\_ ) \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_
( \_\_\_ \_\_\_ \_\_\_ ) \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_
Area Code    Daytime Telephone Number
Area Code    Evening Telephone Number

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY. INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED. YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN [INSERT CLAIM DEADLINE]:**

**Hunt-MVP Class Claims Administrator**
**[insert claims administrator name and address]**
**Telephone #, Fax #, email address**

<u>INSTRUCTIONS</u>:
You must *complete, sign and return* this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before [insert claim deadline]. If you move, it is your responsibility to update your contact information with the Claims Administrator at the address listed above.

Returning this Claim Form does not ensure that you will share in the Settlement Proceeds. You will share in the proceeds only if (1) the Settlement receives final approval from the Court and (2) you meet requirements for recovery set forth in the Settlement Agreement, which is summarized in the accompanying Notice. You must respond to the below questions under penalty of perjury.

### PART I: QUESTIONNAIRE

Be advised – This agreement is only for African-Americans who allege they were denied an assignment to the Segerdahl Corp., Mercury Plastics, Penray, ARI, Lawrence Foods, or MPS from MVP's Cicero Office. In order to recover a settlement payment, you must respond to the following question below under oath. Do not complete this claim form if you are not African-American.

Tenga en cuenta - este acuerdo es solo para los afroamericanos que alegan que se les negó una asignación al Segerdahl Corp., Mercury Plastics, Penray, ARI o Lawrence Foods de la oficina de MVP. Para recuperar un pago de liquidación,

debe responder a la siguiente pregunta a continuación bajo juramento. No complete este formulario de reclamo si no es afroamericano

1.   Are you African-American?  ☐ Yes  ☐ No

2.   From December 6, 2012 until March 11, 2020, did you seek work from a staffing agency known as MVP located at 5637 W Roosevelt Rd, Cicero, IL 60804?

      ☐ Yes  ☐ No

## PART II: WAIVER AND RELEASE

I, the undersigned, hereby irrevocably and unconditionally waive, release, and forever discharge Personnel Staffing Group, LLC d/b/a MVP ("MVP"), The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc. d/b/a ARI Packaging and Lawrence Foods, Inc. and each of their current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and representative capacities (collectively referred to as the "Released Parties"), from any and all claims of race discrimination arising out of any non-assignment from MVP's Cicero Office to The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., ARI Packaging or Lawrence Foods, Inc. from December 6, 2012 through March 11, 2020, known or unknown, that I may have against any Released Party including Title VII and Section 1981 ("Released Claims") except as limited below. This Waiver and Release also releases MVP from any claims of race discrimination against MVP arising out of any non-assignment from MVP to MPS Chicago, Inc. from December 6, 2012 through March 11, 2020 but explicitly does not release MPS Chicago, Inc. from any such claims. Also explicitly not released and excluded from this settlement are any claims of race discrimination arising out of the any non-assignment from MVP's Cicero Office to Vee Pak, Inc. and/or Gold Standard Baking, Inc. raised in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) and the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.), respectively, or to any of other client company of MVP (exclusive of Segerdahl, Mercury, Penray, ARI and Lawrence Foods) or any conduct or omissions occurring after March 11, 2020. I recognize and agree that MVP reserves, and does not waive, any and all defenses that have been or may be asserted in the matters of *Lucas, et al. v. Vee Pak, Inc., et al.,* Case No. 12 C 09672 (N.D. Ill.) or the *Green, et al. v. Personnel Staffing Group, LLC, et al.*, Case No. 13 C 01524 (N.D. Ill.) as relates to claims arising from non-assignments from MVP's Cicero Office, including any such defenses related to payments received by Plaintiffs and/or Class Members as a part of this Partial Settlement Agreement.  I further recognize and agree that MVP also reserves, and does not waive, any and all defenses that have been or may be asserted in any actions that have been, or may be, brought against MVP related to claims arising from the non-assignment of laborers from MVP, including any such defenses related to payments received by Plaintiffs and/or Class Members as part of this Partial Settlement Agreement. This Waiver and Release explicitly does not waive any rights that cannot be waived by law, including my right to file a charge of discrimination with an administrative agency, such as the United States Equal Employment Opportunity Commission ("EEOC") and my right to participate in any agency investigation or proceeding. I understand, however, that I am waiving any right to recover a monetary award from any of the Released Parties in connection with such a charge or investigation related to the Released Claims for a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

ACCORDINGLY, I declare under penalty of perjury that the answers to the questions in this Claim and Release Form are true and correct.

Date: _____     Signature: _____

ii

**EXHIBIT B [Abridged Notice]**
**NOTICE OF CLASS ACTION SETTLEMENT**

**UNITED STATES DISTRICT COURT**    *Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.,*
**NORTHERN DISTRICT OF ILLINOIS**   **c/o Claims Adminstrator**
**EASTERN DIVISION**
**CASE NO. 16 C 11086**

**WHY YOU ARE RECEIVING THIS NOTICE**

   This Notice is to tell you about the Settlement of a "class action" lawsuit that was filed against Personnel Staffing Group, LLC d/b/a MVP ("MVP"), The Segerdahl Corp. ("Segerdahl"), Mercury Plastics, Inc. ("Mercury"), The Penray Companies, Inc. ("Penray"), Advertising Resources, Inc. ("ARI") and Lawrence Foods, Inc. ("Lawrence Foods") (collectively the "Settling Defendants") and against MPS Chicago, Inc. ("MPS," a non-settling Defendant) and to tell you about a "Fairness Hearing" before Judge John J. Tharp, Jr. on August 3, 2020 at 10:00 a.m. in Courtroom 1419 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Partial Class Action Settlement Agreement (the "Agreement") fairly resolves the claims against Settling Defendants as explained below. One Defendant has not joined the Partial Settlement Agreement in this case, MPS, and this case will proceed against them. You may be entitled to an additional monetary award at a later date if additional money is recovered through settlement or trial against MPS.

This Notice **is not** a notice of a lawsuit **against** you.  A Federal Court has authorized this Notice.

**You received this Notice because you have been identified as a person in the Class, defined as:**

> All African Americans who sought work assignments through Personnel Staffing Group, LLC d/b/a MVP at its Cicero, Illinois Office at any time between December 6, 2012 and the Preliminary Approval Date, but who, on one or more occasions, were not assigned to work at The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., Lawrence Foods, Inc., or MPS Chicago, Inc. d/b/a Jet Litho by Personnel Staffing Group, LLC d/b/a MVP.

**Accordingly, you are eligible to participate in the settlement of this lawsuit by completing the attached Claim Form and timely mailing it to the Settlement Administrator. To receive your share of the Settlement Fund, you <u>must</u> mail the attached Claim and Release Form not later than (Insert Date). The Claim and Release must be signed and returned without alteration or amendment.**

**If you accurately complete and timely submit the attached Claim Form you will receive a Settlement Payment based on the following formula:**

Each Claimant shall receive an equal share of the Class Settlement Fund.

In addition, within six (6) months after the final approval of this settlement by the Court, Defendants Segerdahl and The Penray Companies have agreed to provide training to all of their employees with responsibilities for securing temporary laborers on equal employment opportunity and compliance with various federal and state civil rights laws.

**If the information on the claim form is accurate,** fill out the claim form completely, making sure to answer the questions and sign and date the form and mail it in the postage-paid envelope included.

**HOW TO OPT-OUT OF OR OBJECT TO THIS AGREEMENT**

**If you do not wish to participate in the settlement and receive a settlement payment, you may also exclude yourself from the settlement.** To exclude yourself you must submit the following written statement: "I request to be excluded from the settlement in *Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.*, Case No. 16 C 11086." If you exclude

yourself, you cannot receive money from this settlement. You may, however, pursue other legal remedies apart from the settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out.

**You may also object to the terms of the settlement.** If you choose to object to the settlement, you must on or before [Filing Deadline], mail your written objection to the Settlement Administrator with copies to Class Counsel and Defendants' counsel. If you choose to opt-out or object to the settlement, you must also include your full name, address, and telephone number, and you must personally sign the letter. The statement must be signed by you, dated, and returned to the Settlement Administrator and postmarked no later than **(Insert Date)**. Full details on how to exclude yourself or object to the settlement are available in the Complete Notice.

PLEASE REVIEW THE COMPLETE NOTICE PRIOR TO EXCLUDING YOURSELF FROM THE SETTLEMENT OR OBJECTING TO THE TERMS OF THE SETTLEMENT.

PLEASE NOTE: This is only a summary of the settlement terms. A Complete Notice is available that provides the details of this lawsuit and settlement. To obtain a copy of the Complete Notice, contact the Class Counsel at:

**Christopher J. Williams**
**National Legal Advocacy Network**
**Attn: *Hunt-MVP* Settlement**
**53 W. Jackson Blvd, Suite 1224**
**Chicago, IL 60604**
**312-795-9120 or info@n-lan.org**

**FILE THE ATTACHED CLAIM FORM WITH A POSTMARK NO LATER THAN INSERT DATE.**

DocuSign Envelope ID: 84A45FC8-BB9B-486C-B418-5B4834E4994D

<u>EXHIBIT C</u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTWOIN HUNT, JAMES ZOLLICOFFER, NORMAN GREEN, JAMES LEWIS and KEVIN JAMES, on behalf of themselves and other similarly situated laborers, | |
| Plaintiffs, | Case No. 16 C 11086 |
| v. | Judge John J. Tharp, Jr. |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., MERCURY PLASTICS, INC., MPS CHICAGO, INC. d/b/a JET LITHO, THE PENRAY COMPANIES, INC. ADVERTISING RESOURCES, INC. d/b/a ARI PACKAGING, LAWRENCE FOODS, INC., and BLOMMER CHOCOLATE COMPANY, | Magistrate Judge Finnegan |
| Defendants. | |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING**

**If you are African American and sought a work assignment at Personnel Staffing Group, LLC d/b/a MVP at its Cicero, Illinois office located at 5637 W Roosevelt Rd, Cicero, IL 60804 from December 6, 2012 through March 11, 2020 and were not assigned to Segerdahl, Mercury, Penray, ARI, Lawrence Foods, or MPS by MVP on one or more occasions, a class action lawsuit may affect you.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*
*You are not being sued.*

**Part 1: Basic Information**

| **What is this Notice About?** |
|---|

## Why did I get this Notice?

You received this Notice because you have been identified as a person in the Class, defined as:

All African Americans who sought work assignments through Personnel Staffing Group, LLC d/b/a MVP at its Cicero, Illinois Office at any time between December 6, 2012 and March 11, 2020, but who, on one or more occasions, were not assigned to work at The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., Lawrence Foods, Inc., or MPS Chicago, Inc. d/b/a Jet Litho by Personnel Staffing Group, LLC d/b/a MVP.

v

DocuSign Envelope ID: 84A45FC8-BB9B-486B-B418-5B4834E4994D

If you meet the definition of the class, you are eligible to participate in the settlement and may be eligible for compensation as described below. **If you do not wish to participate in the settlement and receive a settlement payment, you may also exclude yourself or opt-out of the settlement. Information on how to exclude yourself from the settlement is available on page 5 of this Notice.**

This Notice explains:

- What the lawsuit is about
- Who is affected by the lawsuit
- Who represents the Class in the lawsuit
- What your legal rights and options are
- How and by when you need to act

**What is this Notice about?**

This Notice is to tell you about the Settlement of a "class action" lawsuit that was filed against Personnel Staffing Group, LLC d/b/a MVP ("MVP"), The Segerdahl Corp. ("Segerdahl"), Mercury Plastics, Inc. ("Mercury"), The Penray Companies, Inc. ("Penray"), Advertising Resources, Inc. ("ARI") and Lawrence Foods, Inc. ("Lawrence Foods") (collectively the "Settling Defendants") and against MPS Chicago, Inc. ("MPS," a non-settling Defendant) and to tell you about a "Fairness Hearing" before Judge John J. Tharp, Jr. on August 3, 2020 at 10 a.m. in Courtroom 1419 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Partial Class Action Settlement Agreement (the "Agreement") fairly resolves the claims against Settling Defendants as explained below. One Defendant has not joined the Partial Settlement Agreement in this case, MPS, and this case will proceed against them. You may be entitled to an additional monetary award at a later date if additional money is recovered through settlement or trial against MPS.

This Notice **is not** a notice of a lawsuit **against** you. A Federal Court has authorized this Notice.

**What is the Litigation about?**

This lawsuit was filed by James Zollicoffer, Norman Green, James Lewis, and Kevin James ("Plaintiffs") on behalf of themselves and other similarly situated African American laborers who sought work assignments from MVP between December 6, 2012 and March 11, 2020, but who, on one or more occasions, were not assigned to work at Segerdahl, Mercury, Penray, ARI, Lawrence Foods, or MPS. In the lawsuit, Plaintiffs seek to recover the lost wages that they could have received if they had been assigned to work at Segerdahl, Mercury, Penray, ARI, Lawrence Foods, or MPS by MVP, as well as their attorney's fees and costs and other relief. The Settling Defendants have denied all allegations of wrongdoing, and no Court has held that the Settling Defendants violated the law. The Plaintiffs and the Settling Defendants have reached a Partial Settlement regarding the litigation.

**Part 2: The Partial Settlement**

| **What Does the Settlement Entail?** |
|:---:|

### What is the "Settlement" and how was it agreed upon?

Plaintiffs and the Settling Defendants agreed to a partial Settlement of this litigation, in which the Settling Defendants have agreed to compensate Plaintiffs and other similarly situated African Americans for the allegations in Plaintiffs' complaint. The Settling Defendants have denied all wrongdoing, and no court has held that the Settling Defendants violated the law. The Court has granted preliminary approval of the settlement, and the Plaintiffs and the Settling Defendants (collectively, "the Parties") are now seeking Court approval, which is required for the settlement to become effective. The settlement includes a procedure for eligible persons to receive their share of the Settlement Fund. There has been no determination by a court, administrative agency, or other tribunal as to the truth or validity of Plaintiffs' allegations against the Settling Defendants in this Lawsuit.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Lawsuit. Unless there is a settlement, that Lawsuit will continue against all Defendants. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of further litigation. In light of these factors, the Parties believe that the settlement is the best way to resolve the Lawsuit while minimizing further expenditures.

The Parties and their attorneys believe that the settlement is fair, reasonable, and adequate, and in the best interests of all of the Settling Parties, including the Settlement Class.

### What are the terms of the Settlement?

The Settling Defendants have agreed to pay a total Settlement Amount of Five Hundred Eighty-Eight Thousand Two Hundred Sixty and 65/100 Dollars ($588,260.65) to resolve any and all claims of race discrimination against the Settling Defendants arising out of African Americans' non-assignment from MVP's Cicero Office to Segerdahl, Mercury, Penray, ARI or Lawrence Foods and against MVP arising out of the African Americans' non-assignment from MVP's Cicero Office to MPS from December 6, 2012 through March 11, 2020, although such claims are not released against MPS. Also not released are any claims arising out of the African Americans' non-assignment from MVP's Cicero Office to any of other client company of MVP, any conduct or omissions occurring after March 11, 2020, or any rights that cannot be waived by law, including a right to file a charge of discrimination with an administrative agency, such as the United States Equal Employment Opportunity Commission ("EEOC") and any right to participate in any agency investigation or proceeding. However, Class Members who do not opt out of this Settlement will be waiving any right to recover monetary award in connection with such a charge or investigation related to the Released Claims for a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

Each Class Member shall be allocated a proportionate share of the Settlement Amount after the Settlement Amount has been reduced by: (1) $5,000.00 to each of the four Plaintiffs for executing a full release of all claims as to Defendants and for helping to litigate and settle this Lawsuit; (2) no more than one-third (33.3%) of the Settlement Amount, as approved of and ordered by the Court, as payment for Class Counsel's attorneys' fees and reasonable costs, and (3) the costs of administering the settlement up through final approval of the settlement. The Settlement Amount as reduced by the foregoing amounts is referred to as the "Net Class Settlement Fund."

### What am I entitled to recover under the Settlement?

If the settlement is approved by the Court, every Settlement Class Member, including Plaintiffs, who timely submits a valid claim form will receive a settlement payment. Each Class Member who files a

DocuSign Envelope ID: 84A45FC8-BB9B-486E-B418-5B4834E4994D

DocuSign Envelope ID: 84A45FC8-BB9B-4868-B418-5B4834E4994D

valid, timely claim will receive an equal share of the Net Class Settlement Fund. The amount you receive will depend on how many Class Members file valid, timely claims.

The Parties agree that 50% of each Claimant's Settlement Payment will be considered wages and will be reported as such on an IRS Form W-2 and that the remaining 50% of each Claimant's Settlement Payment will be considered compensatory damages and will be reported as such on an IRS Form 1099 where mandated by the Internal Revenue Service. Appropriate withholding of federal, state, and local income taxes, and the Claimants' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments and reported in the above referenced Form W-2. Other than the withholding and reporting requirements herein, Claimants shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this settlement.

| **How do I participate?** |
| --- |

### How do I receive a Settlement Award?

To receive a part of the Class Settlement Fund, you must complete and sign the Claim Form without alteration or amendment and return it to the Settlement Administrator on or before [Claims Deadline]. *If you do not timely complete and return a signed and __fully__ completed Claim Form, you will not receive a monetary settlement award.*

### Am I required to participate in the Settlement?

No, you may do nothing and you will remain a member of the class and bound by the settlement but you will not receive a check.

You also have the right to exclude yourself from the Lawsuit and "opt-out" of the settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive money from this settlement.

### What is the Fairness Hearing and do I need to attend?

The purpose of the Fairness Hearing in this case is to determine whether the proposed settlement of the Lawsuit is fair, reasonable, and adequate, and whether the proposed settlement should be finally approved by the Court and the Lawsuit dismissed. **Any Class Member who is satisfied with the proposed settlement does not have to appear at the Fairness Hearing.**

### How can I opt-out of the Settlement?

To exclude yourself from the Settlement, you must submit the following written statement: "I request to be excluded from the settlement in *Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.*, Case No. 16-cv-03718." You must also include your full name, address, and telephone number, and you must personally sign the letter. **The Request for Exclusion must be filed no later than [Filing Deadline] to be effective. If you opt-out of the settlement you will not recover any money as part of this settlement.** You may, however, pursue other legal remedies apart from the settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

DocuSign Envelope ID: 84A45FC8-BB9B-486B-B418-5B4834E4994D

**How can I object to the Settlement?**

Any person who has not validly and timely opted-out of the settlement but who objects to the proposed settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the Lawsuit with prejudice. No attorneys' fees will be paid by Defendants to an objector's counsel for work related to an objection to this settlement. If you choose to object to the settlement, you must on or before [Filing Deadline], mail your written objection to the Settlement Administrator with copies to Class Counsel and Defendants' counsel. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Your written objection must also include  (a) your full name, address, and, telephone number, (b) dates of your employment with Defendants and job title(s) while employed with Defendants; (c) last four digits of your employee identification number, (d) copies of papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of your objection, and (f) your signature, even if you are represented by counsel. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on August 3, 2020 at 10:00 a.m., at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 1419, at which time the presiding judge in this case (The Hon. John J. Tharp, Jr.) will consider whether to grant final approval of this settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.  Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the settlement should not be approved.

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable John J. Tharp, Jr. on August 3, 2020 at 10:00 a.m. in Courtroom 1419 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification. If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely Request for Exclusion as described above.

**What rights am I giving up if I participate in the Settlement?**

Class Members who do not opt out of the Settlement, will release, and forever discharge Personnel Staffing Group, LLC d/b/a MVP, The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc. d/b/a ARI Packaging and Lawrence Foods, Inc. and each of their current, former, and future affiliates, including, without limitation, parents, subsidiaries, and related entities, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, employee benefit plans (and their agents, administrators, fiduciaries, insurers and reinsurers), principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and representative capacities (collectively referred to as the "Released Parties"), from any and all claims of race discrimination arising out of the non-assignment from MVP's Cicero Office to The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., ARI Packaging or Lawrence Foods, Inc. from December 6, 2012 through March 11, 2020. Class Members who do not opt out of the Settlement, will also release, and forever discharge MVP from any claims of race discrimination against MVP arising out of any non-assignment from MVP to MPS Chicago, Inc. from December 6, 2012 through March 11, 2020 but explicitly do not release the Non-Settling Defendant MPS Chicago, Inc. from any such claims. Further, this Waiver and

DocuSign Envelope ID: 84A45FC8-BB9B-486S-B418-5B4834E4994D

Release explicitly does not release any other claims of race discrimination arising out of any non-assignment from MVP to any other client company of MVP, any conduct or omissions occurring after March 11, 2020, and does not waive any rights that cannot be waived by law, including the right to file a charge of discrimination with an administrative agency, such as the United States Equal Employment Opportunity Commission ("EEOC") and the right to participate in any agency investigation or proceeding, although Class Members who do not opt out of the Settlement are waiving any right to recover a monetary award from any of the Released Parties in connection with such a charge or investigation related to the Released Claims for a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal agency.

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive no more than One-Third of the Total Settlement Amount for all past and future attorneys' fees and reasonable costs incurred that will be incurred in this Lawsuit through final approval of the Partial Settlement as set forth in the Stipulation of Settlement.

**What if the court does not approve the settlement?**

If the Court does not approve the settlement, the case will proceed as if no settlement had been attempted, and there can be no assurance that the class will recover more than is provided for in the settlement agreement, or indeed, anything.

**Can I review a copy of the Settlement Agreement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the Lawsuit and the proposed settlement, you may review the pleadings and other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. In addition, you may also contact Class Counsel to review copies of the settlement papers filed with the Court.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT. DIRECT QUESTIONS ABOUT THE SETTLEMENT TO CLASS COUNSEL.**

| The Lawyers Representing the Class |
|:---:|

The following law firm was appointed by the Court to represent the Class (called "Class Counsel"):

**National Legal Advocacy Network**
Christopher J. Williams
53 W. Jackson Blvd, Suite 1224
Chicago, IL 60604
(312) 795-9120

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**EXHIBIT D**
*PROPOSED ORDER GRANTING PRELIMINARY APPROVAL*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTWOIN HUNT, JAMES ZOLLICOFFER, NORMAN GREEN, JAMES LEWIS and KEVIN JAMES, on behalf of themselves and other similarly situated laborers, | |
| Plaintiffs, | Case No. 16 C 11086 |
| v. | Judge John J. Tharp, Jr. |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, THE SEGERDAHL CORP., MERCURY PLASTICS, INC., MPS CHICAGO, INC. d/b/a JET LITHO, THE PENRAY COMPANIES, INC. ADVERTISING RESOURCES, INC. d/b/a ARI PACKAGING, and LAWRENCE FOODS, INC., , | Magistrate Judge Finnegan |
| Defendants. | |

**PRELIMINARY APPROVAL ORDER**

James Zollicoffer, Norman Green, James Lewis and Kevin James ("Named Plaintiff" or "Class Representative") and Personnel Staffing Group, LLC d/b/a MVP ("MVP"), The Segerdahl Corp. ("Segerdahl"), Mercury Plastics, Inc. ("Mercury"), The Penray Companies, Inc. ("Penray"), Advertising Resources, Inc. ("ARI") and Lawrence Foods, Inc. ("Lawrence Foods") (the "Settling Defendants") (collectively, the "Parties"), having reached a partial settlement in this matter on a class-wide basis, the Court having reviewed the Partial Class Action Settlement Agreement, the record in this Litigation, and Plaintiffs' Unopposed Motion for Preliminary Approval of the Parties' Partial Class Action Settlement Agreement and for Approval of Class Certification, Form and Manner of Class Notice and Scheduling of a Hearing for Final Approval of Settlement,

**IT IS HEREBY ORDERED AS FOLLOWS:**

DocuSign Envelope ID: 84A45FC8-BB9B-4866-B418-5B4834F4994D

1.      The Court hereby preliminarily approves the Partial Class Action Settlement Agreement ("Settlement Agreement") as being fair, reasonable and adequate. The Partial Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.      The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Class, as defined below.

3.      The Court finds that: (1) the Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the class; (3) the claims of the Class Representatives are typical of the claims of the Class; (4) the Class Representatives will fairly and adequately protect the interests of the Class; and that the proposed Class meets the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3).

4.      The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met. The case is hereby certified as a class action under Federal Rule of Civil Procedure 23(b)(3). The Court hereby preliminarily certifies the following class:

> All African Americans who sought work assignments through Personnel Staffing Group, LLC d/b/a MVP at its Cicero, Illinois Office at any time between December 6, 2012 and March 11, 2020, but who, on one or more occasions, were not assigned to work at The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., Lawrence Foods, Inc., or MPS Chicago, Inc. d/b/a Jet Litho by Personnel Staffing Group, LLC d/b/a MVP.

5.      The claims being certified for settlement purposes are limited to any and all claims of race discrimination against any of the Settling Defendants arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to Segerdahl, Mercury, Penray, ARI, Lawrence Foods, and MPS from December 6, 2012 through March 11, 2020, known or unknown, that the Named Plaintiffs and Class Members may have against any Released Party

as that term is defined herein. Explicitly not certified as a class for settlement purposes are any claims of race discrimination arising out of the Named Plaintiffs' and/or Class Members' non-assignment from MVP's Cicero Office to any other client companies of MVP (exclusive of the Settling Defendants, and, as to MVP only, MPS) or any conduct or omissions occurring after the Preliminary Approval Date.

6.      The Court appoints Plaintiffs James Zollicoffer, Norman Green, James Lewis and Kevin James as Class Representative and attorney Christopher J. Williams of the National Legal Advocacy Network as Class Counsel. The Court finds that the Class Representative and Class Counsel have provided adequate representation to the Class.

7.      The Court appoints Settlement Services, Inc. as the Claims Administrator. The Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and applicable federal, state, and local law.

8.      The Court approves, as to form and content, the proposed Claim Form and Notice of Class Action Settlement attached to the Settlement Agreement as Exhibits A, B and C, respectively. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

9.      A Fairness Hearing for purposes of determining whether the Settlement Agreement should be finally approved, shall be held before this Court on August 3, 2020 at 10:00 a.m., in Courtroom 1419 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois and may be continued from time to time without further notice.

10.      The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representatives, the Class and the Settling Defendants for the purposes of: (1) supervising

the implementation, enforcement, construction, and interpretation of this Order and the Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) hearing and determining any application by Class Counsel for an award of attorneys' fees and costs; (3) supervising the distribution of the Settlement Fund; and (4) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

IT IS SO ORDERED.

_____

John J. Tharp, Jr.
United States District Judge
Northern District of Illinois

Dated this __ day of _____, 2020

**EXHIBIT E**
*Information for Published Notice of Class Action Settlement*

---

*Attention African Americans Who Sought Work at a staffing agency*
<u>*known as MVP since December 6, 2012*</u>

If you are African American and sought a work assignment at a staffing agency called MVP located at 5637 W Roosevelt Rd, Cicero, IL 60804, but did not receive a work assignment at The Segerdahl Corp., Mercury Plastics, Inc., The Penray Companies, Inc., Advertising Resources, Inc., Lawrence Foods, Inc., or MPS Chicago, Inc. d/b/a Jet Litho by Personnel Staffing Group, LLC d/b/a MVP between December 6, 2012 and March 11, 2020 then you may be eligible to participate in a class action settlement in the matter of

*Hunt, et al. v. Personnel Staffing Group, LLC d/b/a MVP, et al.*, Case No. 16-cv-03718.

For more information on the settlement and whether you are eligible to participate in the settlement, call 1-xxx-xxx-xxxx, visit the Settlement website at www.Hunt-MVP_Settlement.com or send inquiries by mail to:

**Christopher J. Williams**
**National Legal Advocacy Network**
**Attn: *Hunt-MVP* Settlement**
**53 W. Jackson Blvd, Suite 1224**
**Chicago, IL 60604**
**312-795-9120 or info@n-lan.org**

---